HEBER ET AL. v. DRAKE ET AL.

[No. 10,197. Filed April 23, 1918. Rehearing denied June 20, 1918. Transfer denied November 19, 1918.]

1. INFANTS. — *Juvenile Delinquents.* — *Appeal.* — *Assignments of Error.*—*Sufficiency.*—*Statute.*—Under §1635 Burns 1914, Acts 1907 p. 221, relating to appeals from juvenile courts, the only assignment of error allowed on appeal is "that the decision of the juvenile court is contrary to law," and such assignment is sufficient to present both the sufficiency of the facts found and the sufficiency of the evidence to support the finding. p. 450.

2. INFANTS.—*Juvenile Courts.*—*Jurisdiction of Person.*—Where, in a proceedings under §1644 Burns 1914, Acts 1907 p. 59, the parents of a child alleged to be neglected and dependent were served with notice of the proceeding, were present in court, and were given every opportunity to be heard, and made no objection to the sufficiency of the evidence to support the decree removing the child from their custody, they cannot complain that the court assumed jurisdiction over the parties. pp. 452, 453.

3. INFANTS.—*Juvenile Delinquents.*—*Juvenile Courts.*—*Change of Judge.*—*Statute.*—A proceeding under §1644 Burns 1914, Acts 1907 p. 59, to remove a child from the custody of the parents is a special statutory one, and a change of venue, as is provided for in ordinary cases, is not contemplated therein. p. 452.

4. INFANTS.—*Juvenile Delinquents.*—*Right to Custody.*—*Findings.*—*Sufficiency.*—In a proceedings under §1644 Burns 1914, Acts 1907 p. 59, findings of the juvenile court that the infant made her home with her parents, that the parents refused to allow her to attend school, that she was cursed, abused and ill treated by both parents, was not provided with proper or suitable clothes and was compelled to do farm labor and was threatened and struck by the father, were sufficient to support a judgment awarding her custody to the board of children's guardians. p. 453.

From Parke Juvenile Court; *Henry Daniels,* Judge.

Proceedings by Andrew Drake and others against Andrew Heber and his wife to have their infant daughter declared a public charge. From a judgment for plaintiffs, the defendants appeal. *Affirmed.*

*White & Henderson,* for appellant.

*Earl M. Dowd, J. M. Johns, S. F. Max Puett* and
*H. H. Banta,* for appellees.

IBACH, C. J.—Pursuant to §1644 Burns 1914, Acts
1907 p. 59, a case was brought by Andrew Drake in
the juvenile court of Parke county on November 7,
1917, wherein it was charged that Barbara Heber,
sixteen years of age, and a daughter of appellants,
was a neglected and dependent child and should be
made a public charge. A notice was issued by the
clerk of such court to appellants to bring such child
before the court and to do what should be ordered
concerning her. On November 20, 1917, evidence was
heard, after which there was a finding and judgment
that it was for the best interest of such child to be
made a ward of the state, and her custody was
awarded to the board of children's guardians of said
county.

Following the statutes governing appeals in such
cases the judge of such court has certified to this
court the following facts: Finding 1. The infant,
Barbara Heber, who was sixteen years old on June
10, 1917, is the daughter of Andrew and Emma Heber,
and on November 7, 1917, had her home with her par-
ents. Nos. 2 and 3. The home of said Barbara Heber
on November 7, 1917, was in Parke county, Indiana,
and she was in the junior grade of high school. No. 4.
The parents refused to allow her, the said Barbara,
to attend school anywhere. No. 5. She was cursed
and abused and ill treated by both parents. No. 6.
She had not been provided with proper or suitable
clothes by her parents, and was compelled by her
parents to do work on the farm and other work about
the house which was neither proper nor right that
she should be required to perform. No. 7. The

father Andrew Heber had at times made threats to the girl that he would kill her and at one time struck her with his fist and knocked her down and bruised her face and body. No. 8. At all times the girl was ill-treated and cursed and abused by both father and mother.

No question is presented with respect to the findings of the court; neither is the evidence before us. We also find in appellants' brief the following: "In no place in our brief have we complained of the sufficiency of the evidence and it was a matter of our own discretion whether or not we should do so."

Appellants' assignment of errors contains many alleged independent errors which could only be presented by incorporating them in the motion 1. for a new trial and then by assigning the action of the court on such motion as error. But with this course of practice we are not concerned in this appeal for the reason that there is only one assignment of error contemplated by the statute, which presents both the sufficiency of the facts found and the sufficiency of the evidence to support the finding, and that is "that the decision of the (juvenile) court is contrary to law." §1635 Burns 1914, Acts 1907 p. 221; *Parker* v. *State* (1917), 63 Ind. App. 671, 113 N. E. 763.

Appellants have in effect admitted that the evidence was sufficient to warrant the facts found, but contend that the court should have sustained the mother's affidavit for a change of venue from the judge, and that there was error in assuming jurisdiction over the subject-matter and over the person of the father, Andrew Heber.

Section 1646 (Acts 1907 p. 59) of the same act

provides: "This act shall be liberally construed to the end that proper guardianship may be provided for such child, that the child may be educated and cared for, as far as practicable, in such manner as best subserves its moral, intellectual and physical welfare, and as far as practicable in proper cases that the parent or person having its care, custody or control may be compelled to perform their moral and legal duty in the interest of the child."

The purpose of the act with which we are now dealing could not have been more clearly defined, and we may add that the courts generally in construing similar acts have placed a construction thereon similar to that which our legislature has by definite enactment provided. They have said that the object of the act is not punishment, but reformation, discipline, and education, and, to provide for the proper custody of children within certain age limits who on account of neglect of their parents or for other causes were in need of proper guardianship. While the courts have recognized this to be the primary purpose of the law, they have also consistently recognized the fundamental proposition that every parent is entitled to have the care and custody of his own child, and this right can only be taken from him when it is made to appear that some law of the state enacted for the child's welfare and the welfare of society has been disobeyed by him; that these questions are to be determined only after such parent has been given the opportunity of answering any charges which may be filed against him respecting such matters.

Our Supreme Court in an early case, quoting from a Massachusetts case, has expressed the same prop-

osition in this language: ''Whenever the legislature has provided that, on account of crime or misfortune, the public safety or convenience demands a suspension of these essential rights of the individual, and has provided a judicial process, by which the facts shall be ascertained; it is to be understood as required that the tribunal, to which is committed the duty of inquiring and determining, shall give opportunity to the subject to be heard of his innocence or his capacity.'' *Lee* v. *Beck* (1868), 30 Ind. 148, 152. Recognizing these principles, due notice of the filing of the affidavit in this case was ordered and issued, and in the return it is shown that the mother had been duly served by reading, and the court finds that both parents had notice of the proceeding and were present in court when the evidence was heard.

In view of these facts, showing that every opportunity was given appellants to be heard, and the further fact that no objection is made upon the ground of the insufficiency of the evidence, appellants have no cause to complain because the court assumed jurisdiction over the parties.

Furthermore, the proceeding is a special statutory one to be made effective by the performance of a particular duty enjoined upon a particular tribunal in a well-defined way and from the very nature of things a change of venue, as is provided for in the ordinary case between contending parties, could not have been contemplated by the legislature when the law was passed.

A guardianship duty rests upon the juvenile court so long as the child is a ward of the state, and if the court was required to grant a change of venue when-

ever demanded we might have a separate judge to act upon each separate case and possibly for each step to be taken after the child became such ward. This, with many other complications which would inevitably arise, would result only in confusion and difficulty. Consequently our legislature very wisely provided that one particular person, the regular judge of the juvenile court, should have and retain jurisdiction in cases of this special character, and if the parent was dissatisfied he could appeal from the judgment in a particular manner prescribed by statute. It was never intended that the rule which applies to changes of venue in suits generally should be applied to hearings of this special character. *Bowen* v. *Stewart* (1891), 128 Ind. 507, 510, 511, 26 N. E. 168, 28 N. E. 73.

We are of the opinion, therefore, that the information filed in this cause was substantially in proper form; that both parents had due notice of the time and place of hearing the charges filed against them, and a full opportunity was given to be heard when they appeared in person with said child. Therefore the regular judge of the juvenile court had jurisdiction over the subject-matter and of all parties concerned and the facts found fully warranted the judgment.

Judgment affirmed.

NOTE.—Reported in 118 N. E. 865.