STIGLEMAN ET AL. v. FELTER.

[No. 9,717. Filed January 30, 1919.]

1. JUDGMENT.—*Correction Nunc Pro Tunc.*—Although courts have the right to entertain motions to correct judgments *nunc pro tunc*, such motions must be founded upon some matter already in the

record which must supply the means for making the correction sought. p. 285.

2. JUDGMENT.—*Correction Nunc Pro Tunc.*—*Matters De Hors the Record.*—A record of a judgment cannot be corrected *nunc pro tunc,* where it is sought to have the correction based upon an affidavit filed with the motion setting forth an alleged agreement between counsel for the parties as to what the original judgment should be, since an order for the correction of a judgment cannot be based upon something *de hors* the record. p. 286.

From Clinton Circuit Court; *Henry H. Vinton,* Special Judge.

Action between Wiley S. Felter and Walter Stigleman and others. From an order overruling a motion of the latter parties to correct *nunc pro tunc* the record of a judgment in the cause, they appeal. *Affirmed.*

*Brumbaugh & Laymon* and *Kent & Ryan,* for appellants.

*Sheridan & Gruber,* for appellee.

ENLOE, J.—This is an appeal from the action of the Clinton Circuit Court in overruling the motion of appellants to correct, *nunc pro tunc,* the record of a judgment rendered in that court almost two years before the motion in question was filed.

The transcript shows that notice of the time of filing and of the presentation of said motion was duly served upon appellee, and that he was present in court at said time by counsel.

The courts have the undoubted right to entertain such motions, when properly presented, but it has been uniformly held in this state that such

1. motions must be founded upon some matter already in the record; that the records must supply the means for making such correction. *Pritchard* v. *Mines* (1914), 56 Ind. App. 671, 106 N. E. 411; *Sidener, Admr.,* v. *Coons* (1882), 83 Ind. 183.

In the instant case, the court was asked to correct its record, and to base such correction upon an affidavit filed with such motion, which affidavit 2.   and motion set forth an alleged agreement or understanding between counsel for parties, made before said judgment was rendered, as to what the said original judgment should be, and with which understanding, or agreement, it was alleged said judgment did not conform. This was asking the court to base such order of correction upon something *de hors* the record, which, under the authorities, it could not do.

There is no error in the record, and the judgment · is therefore affirmed.