## TAYLOR ET AL. v. STATE OF INDIANA.

[No. 23,791.    Filed October 13, 1921.]

1.  BURGLARY.—Indictment.—"Garage."—Certainty.—In a prose-
    cution under an indictment for burglary, charging that defend-
    ant "did break and enter into the private garage" of a named
    person, without defining the meaning of the word "garage," or
    stating that the private garage was a building, describes
    the offense with sufficient certainty, as the word "garage" is
    well understood to mean a building for the storage of automo-
    bile vehicles.    p. 202.

2.  CRIMINAL LAW.—Appeal—Bill of Exceptions.—Filing after
    Term.—Leave of Court.—Where, in a criminal prosecution, the
    motion for new trial was overruled on the last day of the term,
    and no time after term was given within which to file a bill of
    exceptions, but several days thereafter a bill of exceptions was
    signed by the judge and filed by the clerk, such bill is void,
    since leave for filing was not given by the court at the time of
    the ruling on the motion for new trial.    p. 203.

3.  CRIMINAL LAW.—Bill of Exceptions.—Power of Clerk to
    Grant Additional Time for Filing.—The clerk of the court has
    no power to grant additional time in which to file a bill of
    exceptions, his duties are merely to enter upon record the facts
    showing the actions of the court.    p. 205.

Taylor v. State—191 Ind. 200.

4. COURTS.—*Nunc Pro Tunc Entry.—Purpose.*—The purpose of a *nunc pro tunc* entry is to put in the record some action of the court which has been omitted from the record. p. 205.

5. CRIMINAL LAW.—*Bill of Exceptions.—Amendment.*—The circuit court or other *nisi prius* courts may amend a bill of exceptions after it has been signed and filed, and after the close of the term at which it was signed, if there be some memorandum, memorial paper, record or other minute of the transaction, of equal or prior date, upon which the amendment can be based. p. 205.

6. CRIMINAL LAW.—*Appeal.—Review.—Instructions.—Failure to Incorporate in Record.*—No question on instructions can be raised on appeal in a criminal case where such instructions were not made a part of the record by a bill of exceptions. p. 205.

7. CRIMINAL LAW.—*Appeal.—Evidence.—Sufficiency.—Bill of Exceptions.*—The sufficiency of evidence to sustain the verdict cannot be considered on appeal, in the absence of a bill of exceptions containing the evidence. p. 206.

8. CRIMINAL LAW.—*Appeal.—Evidence.—Admission.—Bill of Exceptions.*—The rulings of the court on the introduction and rejection of evidence cannot be considered on appeal, in the absence of a bill of exceptions containing the evidence. p. 206.

From Lawrence Circuit Court; *Robert Mellen*, Special Judge.

Prosecution by the State of Indiana against William R. Taylor and others. From a judgment of conviction, the defendants appeal. *Affirmed.*

*William N. Harding, Omer U. Newman* and *Fred N. Fletcher,* for appellants.

*U. S. Lesh,* Attorney-General, and *Dale F. Stansbury,* for the state.

WILLOUGHBY, J.—This was an action in which the appellants, William R. Taylor, Paul Taylor and Cecil Taylor were charged by an indictment in three counts with burglary, larceny and conspiracy to commit a felony. Indictment was found in the Jackson Circuit Court, and the cause sent to Lawrence county on change of venue for trial. Each defendant entered a plea of not guilty.

The case was tried by jury and the jury found the defendants guilty, on all the counts as charged in the indictment. The court rendered judgment upon the verdict of the jury, adjudging each defendant guilty upon each count of the indictment.

From such judgment appellants appeal. The errors relied upon for reversal are: 1. "The court erred in overruling appellants' motion made separately and severally to quash each count of the indictment separately and severally." 2. "The court erred in overruling appellants' motion for a new trial, separately and severally."

In appellants' brief, under propositions, points and authorities, the only count of the indictment discussed is the first one, which charges burglary in the second degree. It is claimed by appellants that this count does not state the offense with sufficient certainty because it says that the appellants did break and enter into the private garage of Henry H. Holburn. Thus using the word *garage* without defining its meaning and does not affirm that the private garage was a building.

It was not necessary that the indictment should define the word *garage*. The word is well understood and is not of doubtful meaning. The Standard Dictionary says a *garage* is a building for the storage of automobile vehicles. This meaning is well understood by the people among whom the word is used. This count of the indictment conforms in every particular with the statute under which it was drawn. We think it describes the offense with sufficient certainty. No objection is pointed out to the second and third counts of the indictment and we see none. Each count of the indictment was sufficient to withstand appellants' motion to quash.

The Attorney-General contends that no question is properly presented on the action of the court in over-

ruling appellants' motion for a new trial, for the reason that there are no bills of exception in the record. It appears from appellants' brief and from an examination of the record that what purports to be a longhand transcript of the evidence appears in the record immediately following the index and the clerk certifies that said longhand transcript was filed on June 28, 1920, and the judge certifies that on June 28, 1920, the defendant tendered his bill of exceptions. The clerk certifies that, on July 5, 1920, the defendants filed their general bill of exceptions containing the original longhand transcript of all the evidence and the clerk further certifies that the bill of exceptions herein above inserted is the same identical and original bill of exceptions duly filed by the defendants in the office of the clerk on June 28, 1920.

When a bill of exceptions containing the evidence is to be filed after the term, leave therefor must be given by the court at the time of the ruling on the motion for a new trial. *Bass* v. *State* (1918), 188 Ind. 21, 120 N. E. 657, and cases there cited. It appears from the record that the motion for new trial was overruled on May 1, 1920, being the last day of the March term, 1920, of the Lawrence Circuit Court, and no time was given within which to file the bill of exceptions. It further appears from the record that the bill of exceptions was tendered to the judge and signed on June 2, 1920, and filed by the clerk on July 7, 1920. Therefore, the purported bill of exceptions, not being filed in compliance with the law, cannot be considered as a part of the record, and no question presented by such bill of exceptions can be considered by the court.

It appears from the return to a writ of *certiorari*, that on April 23, 1921, a petition was filed in the Lawrence Circuit Court for a *nunc pro tunc* entry, to change the record so as to show that time was taken in

the original case by the defendants in which to present and file their bill of exceptions. After due notice to the prosecuting attorney, the appellants and the prosecuting attorney appeared in the Lawrence Circuit Court, on the hearing on said motion, and evidence was submitted and the court after hearing such evidence made a finding and judgment "that the petitioners are not entitled to an order-book entry showing that time was given and granted them in which to file their said bill of exceptions and said petition as to this is now overruled." The court at the same time made a finding and rendered judgment to the effect that the general bill of exceptions containing all the evidence given in this cause was made of record on the order book of said court on June 30, 1920. The appellants claim that the court erred in its overruling of said petition for a *nunc pro tunc* entry by refusing to correct the record now for them to show sixty days time granted to prepare and file the defendants' general bill of exceptions.

Appellants filed a bill of exceptions containing the evidence given upon such motion for a *nunc pro tunc* entry, and there is no showing in said bill of exceptions, and no evidence tending in any manner to show, that at the time of overruling the motion for a new trial in this case time was given by the court in which to prepare and file a bill of exceptions containing the evidence in said cause. The evidence shows that the attorney for appellants, at the time the appeal to the Supreme Court was prayed, requested the clerk of the court to put upon the record the following statement: "May 30, 1920, the defendants now pray an appeal to the Supreme Court of Indiana and sixty days time in which to prepare and file their bill of exceptions." The evidence fails to show that the defendants asked or received time for filing a bill of exceptions at the time the motion for new trial was overruled. The motion for a new trial

was overruled on May 1, 1920, and on the last day of the March term of court.

A grant of time beyond the term in which to file a bill of exceptions not made at the time the motion for a new trial was overruled, but several days afterward, is void. *Huntington Brewing Co.* v. *Miles* (1911), 177 Ind. 109, 96 N. E. 145.

3-5. Time for the filing of a bill of exceptions must be granted by the court at the time of ruling upon a motion for new trial, and the clerk has no power to make such grant and the duty of the clerk is merely to enter upon the record the facts showing the action of the court.

The purpose of a *nunc pro tunc* entry is to put in the record some action of the court which has been omitted from the record. It is within the power of the circuit court or other *nisi prius* courts of the state to amend a bill of exceptions after it has been signed and made a part of the record, and after the close of the term at which it was signed, where a proper case for the amendment of a record is made. To make such a case there must be some memorandum, memorial paper, record or other minute of the transaction to amend by, of a date prior thereto, or at least of equal date with the bill of exceptions. *Driver* v. *Driver* (1899), 153 Ind. 88, 54 N. E. 389; *Morgan* v. *Hays* (1883), 91 Ind. 132; Ewbank's Manual (2d ed.) §37. The court correctly overruled appellants' motion for a *nunc pro tunc* entry.

6. No question on instructions can be raised on appeal in a criminal case where such instructions were not brought into the record by a bill of exceptions. *Messel* v. *State* (1911), 176 Ind. 214, 95 N. E. 565; *Goodman* v. *State* (1919), 188 Ind. 70, 121 N. E. 826. No attempt was made to bring the instructions into the record by bill of exceptions in the instant case. The instructions are not in the record.

Appellants claim that the evidence is not sufficient to sustain the verdict and the verdict is contrary to law.

They also assert that the court erred in various 7, 8. rulings upon the introduction and rejection of evidence but these questions cannot be considered in the absence of a bill of exceptions containing the evidence.

No error being made to appear in the record, the judgment is affirmed.

Myers, J., absent.