## PITTSBURGH, CINCINNATI, CHICAGO AND ST. LOUIS RAILROAD COMPANY ET AL. *v.* MOSHER ET AL.

[No. 23,850. Filed November 2, 1923.]

1. NEW TRIAL.—*Motion for.—Filing.—In Vacation.—Record of. —Statute.*—In order effectually to file a motion for a new trial in vacation, it must actually be delivered to the clerk for that purpose within thirty days after the finding is made (§587 Burns 1914), and to establish the fact on appeal that it was so filed, the record, or the clerk's certificate to the record, must affirmatively so state. p. 578.

2. DRAINS.—*Appeal.—Time for.—Statute.*—The statute permits an appeal from an order establishing a drain only upon the filing of a bond within thirty days, and filing a transcript of the record within sixty days thereafter, a total of ninety days (§6143 Burns' Supp. 1921, Acts 1917 p. 292), and where nothing is shown to have been done until the 91st day, a mere vacation entry as of that date that certain parties came, *ex parte*, and "showed" that more than two months before, they had filed certain motions for a new trial, of which no record or minute in writing appears to have been made, could not revive the lapsed right of appeal and carry it forward to permit an appeal to be perfected at a subsequent date. p. 578.

3. COURTS.—*Record of.—Amendment.—After Term.—Memorandum and Hearing Necessary.*—The record of a court proceeding cannot be amended after the expiration of the term at which the action was taken except on production of a written memorandum, made at the time, notice to the adverse party and a hearing before the court. p. 579.

4. APPEAL.—*Review.—Bill of Exceptions.—Presenting to Judge for Approval.*—A bill of exceptions will not be considered on appeal where it was not presented to the judge for approval within the time allowed, and where the questions sought to be presented depend on the evidence, and the evidence is not in the record because of failure to tender the bill of exceptions con-

taining it to the judge within the time granted, the appeal will be dismissed. p. 579.

5. APPEAL.—*Time for Perfecting.*—*Exception.*—An appeal must be perfected within the time allowed by law or it cannot be taken at all, unless because of extraordinary facts over which the appellant had no control. p. 580.

From Starke Circuit Court; *H. H. Loring,* Special Judge.

Drainage proceedings by L. Elmer Mosher and others against the Pittsburgh, Cincinnati, Chicago and St. Louis Railroad Company and others. From a judgment establishing the ditch, the defendants appeal. *Appeal dismissed.*

*Charles H. Peters, William J. Reed* and *G. E. Ross,* for appellants.

*Harry C. Miller,* for appellees.

PER CURIAM.—Appellants have filed a brief in which certain questions of law are discussed, and have asked for an oral argument. But, for reasons hereinafter stated, we do not find it necessary to hear those questions argued. This was a drainage proceeding, commenced in the commissioners' court and removed to the circuit court by an appeal, where the court approved the report of the drainage commissioners and rendered final judgment in favor of the petitioners, establishing the improvement.

The finding was made and final judgment was rendered on April 3, 1920. There is no record of the filing of any motions for a new trial within thirty days thereafter (§587 Burns 1914, Acts 1913 p. 848), nor at any time, whether shown by *nunc pro tunc* entry or otherwise. The next entry is under date of July 3, ninety-one days later, and recites only that, *in vacation,* the appellants come by their attorneys and "show to the court that on the 28th day of April, 1920, they filed with the clerk their separate and several mo-

tions for a new trial", setting out what purports to be such motions, "which motions are by the court overruled", and that each appellant excepted. This entry, purporting to record what occurred "in vacation", then recites that appellants were granted an appeal to this court, on filing an appeal bond within thirty days, and the return to a writ of *certiorari* states that "said remonstrants are granted 60 days from this date in which to file bill of exceptions." The appeal bond was filed on July 31, and the bill of exceptions on September 25, 1920. Effectually to file a motion for a new trial in vacation it must be actually delivered to the clerk for that purpose within thirty days after the finding is made, and to establish the fact on appeal that it was so filed, the record, or the clerk's certificate to the record, must be made affirmatively so to state. The statute permits an appeal in a drainage proceeding only upon filing a bond, within thirty days, and filing the transcript within sixty days thereafter, a total of ninety days (§6143 Burns' Supp. 1921, Acts 1917, p. 292). And where nothing is shown to have been done until the ninety-first day, a mere vacation entry as of that date that certain parties came, *ex parte,* and "showed" that, more than two months before, they had filed certain motions for a new trial of which no record or minute in writing appears to have been made, could not revive the lapsed right of appeal and carry it forward to permit an appeal to be perfected by filing a transcript after the lapse of eighty-eight days more.

Even where an act was done in open court which was not entered of record, the record cannot be amended to show that fact after the term at which final 3, 4. judgment was rendered has expired, except upon the production of a memorandum in writing, made at the time, and upon notice to the adverse party and a hearing before the court. *Wills* v. *Wills* (1911),

176 Ind. 631, 634, 635, 96 N. E. 763; *Taylor* v. *State* (1921), 191 Ind. 200, 132 N. E. 294, 296; Ewbank's Manual (2d ed.) §§214a, 214b. Besides, the questions sought to be presented by the motion for a new trial depend upon a consideration of the evidence, and as was stated above, appellants are shown to have been granted on July 3, only "60 days from this date in which to file a bill of exceptions", even if such grant entered in vacation be accepted as effectual, while the bill of exceptions purporting to contain the evidence was not presented to the trial judge for his signature until September 24, after the lapse of eighty-three days, and was filed the next day.

The record affirmatively showing that final judgment was rendered on April 3, 1920, and that an appeal bond was not filed within thirty days nor the transcript within ninety days thereafter, and failing to show in any manner authorized by law that a motion or motions for a new trial were filed within thirty days by which the time for taking an appeal was extended, this appeal cannot be maintained. An appeal must be perfected within the time allowed by law, or it cannot be taken at all, unless because of extraordinary facts which do not appear in the case at bar.

The appeal is dismissed.