## LINDLEY v. STATE OF INDIANA.

[No. 25,096.    Filed October 26, 1926.]

1.  CRIMINAL LAW.—*Giving of oral instructions after request for written instructions reversible error.*—Under the provisions of subd. 5 of §2301 Burns 1926, §2136 Burns 1914, the giving of oral instructions after a proper and timely request for written instructions is reversible error, in the absence of showing of waiver of the request.    p. 361.

2.  CRIMINAL LAW.—Taking down in shorthand and reducing to writing oral instructions given by the court do not constitute giving written instructions within the meaning of subd. 5 of §2301 Burns 1926.    p. 361.

3.  CRIMINAL LAW.—*Exceptions to the giving of oral instructions after request for written instructions held sufficient.*— Where a proper and timely request had been made that the court instruct the jury in writing, and oral instructions were given, exceptions to the giving of such oral instructions constituted a sufficient exception to the action of the court in giving oral instructions.    p. 362.

4.  CRIMINAL LAW.—*Error of court in giving oral instructions after request to give them in writing cannot be disregarded on appeal.*—Where the evidence of defendant's guilt of receiving and concealing stolen goods was not clear and conclusive, the action of the court in giving oral instructions after a request that the instructions be given in writing cannot be disregarded on appeal.    p. 363.

5.  CRIMINAL LAW.—*Power of court to amend record after close of term will not be reviewed on appeal when court's action not necessary to determination of appeal.*—Where the record of trial court's attempt to amend the record *nunc pro tunc* was not made a part of the transcript in the original appeal, the Supreme Court will not pass on the question of the power of the court to make the amendment when that question is not involved in the determination of the original appeal.    p. 363.

From Delaware Circuit Court; *Clarence W. Dearth,* Judge.

Ralph Lindley was convicted of buying, concealing and aiding in the concealing of stolen goods, and he appeals. *Reversed.*

*Walterhouse & Miller,* for appellant.

*Arthur L. Gilliom,* Attorney-General and *George J. Muller,* Deputy Attorney-General, for the State.

EWBANK, J.—Appellant was charged by indictment with the offense of unlawfully and feloniously buying, concealing, and aiding in the concealment of certain diamonds which were alleged to have been feloniously stolen from the person of the owner by certain named robbers, and thereafter received and concealed by appellant, with full knowledge that the robbers had stolen them. He was found guilty, and was fined $100 and sentenced to imprisonment for not less than one nor more than fourteen years. Overruling his motion for a new trial is assigned as error, under which appellant complains because the trial court gave oral instructions to the jury of more than 1,500 words, taken down by the reporter in shorthand as constituting nine instructions, in the course of which he read to the jury the indictment, the several statutes which forbid receiving stolen goods and define the offenses of grand larceny and petit larceny, respectively, explained what were the elements of the offense charged, and gave a general statement of the law by which the jury was told it should be governed in deciding the case.

The record shows that at the conclusion of the evidence and before the argument had begun, appellant presented and tendered to the court sixteen instructions in writing, together with a written request signed by counsel for the defendant that the court should "instruct the jury in writing, and give to the jury the following instructions, and each of them," and that, of the instructions so requested, the court gave all but one, after which he gave further instructions orally, as was stated above. The statute provides that, after the evidence is completed and the arguments of counsel have been made, "the court must then charge the jury, which charge, upon the request of the prosecuting attorney, the defendant or his counsel, made at any time before the commencement of the

argument, shall be in writing." §2301, cl. 5, Burns 1926, Acts 1909 p. 257. The record does not show that the request for written instructions was waived, either expressly or by any acts of the defendant or his counsel, and denying him the right to have the court's instructions reduced to writing and read to the jury, along with the instructions which he had requested, so that all might come to the jury with equal authority, was reversible error. Smurr v. State (1883), 88 Ind. 504, 508; Stephenson v. State (1887), 110 Ind. 358, 375, 11 N. E. 360, 59 Am. Rep. 216; Littell v. State (1893), 133 Ind. 577, 586, 33 N. E. 417. And taking down in shorthand the instructions orally given by the court and causing the reporter's notes to be transcribed did not constitute giving written instructions. Where the instructions requested by the defendant were read to the jury, and the instructions by the court on its own motion were given orally, there could be no assurance that the jury would regard both as of equal authority. Shafer v. Stinson (1881), 76 Ind. 374, 376; Lesueur v. State (1911), 176 Ind. 448, 455, 95 N. E. 239.

The attorney-general suggests a doubt whether or not a proper exception was saved to the giving of oral instructions. The bill of exceptions, No. 1, re-
3. cites that, at the conclusion of the evidence and before the beginning of the arguments of counsel, the defendant presented his written request that the court should instruct the jury in writing, as well as that he should give certain instructions, that defendant excepted to its refusal to give the one refused, and "that thereupon the court gave to the jury of its own motion, orally, the following instructions, to wit:" (setting them out,) "to the giving of which said instructions, and to the giving of each of them, the defendant at the time separately and severally excepted." We think this sufficiently shows that the defendant ob-

jected and excepted to the action of the court in giving the oral instructions.

The judgment of conviction rests almost entirely upon the testimony of a self-confessed robber, that the next day after he had stolen the diamonds from 4. the owner, they were "turned over" to appellant at a camp on the river, and "were taken away from there." The defendant testified in his own behalf, but while admitting that he had been convicted of offenses against the liquor law, and had pleaded guilty to a charge of adultery, he denied all knowledge of the diamonds and all connection with the robbers. The evidence of defendant's guilt is not so clear and conclusive that we can disregard the error intervening.

By an ancillary appeal, and an assignment of error challenging the sufficiency of the evidence to sustain the action of the trial court in amending the 5. record *nunc pro tunc,* appellant seeks to challenge an attempted amendment of the record in the trial court which he says was made without other evidence than an affidavit stating what the affiant said had occurred in the course of the trial. It is true that many authorities deny the power of the trial court to amend a bill of exceptions or entry in the order-book or other part of the record after the close of the term at which final judgment was rendered unless there is some minute, memorandum, memorial, or record in writing, antedating the rendition of judgment, by which to amend. *Taylor* v. *State* (1921), 191 Ind. 200, 205, 132 N. E. 294; *Driver* v. *Driver* (1899), 153 Ind. 88, 54 N. E. 389; *Wills* v. *Wills* (1911), 176 Ind. 631, 96 N. E. 763; *Pittsburgh, etc., R. Co.* v. *Mosher* (1923), 193 Ind. 577, 579, 141 N. E. 323; *Baltimore, etc., R. Co.* v. *Berdon, Admr.* (1924), 195 Ind. 265, 277, 150 N. E. 408. But, since the record, as attempted to be corrected *nunc pro tunc,* has not been brought up to

this court as part of the transcript in the original appeal, by *certiorari* or otherwise, we do not find it necessary, in order to decide that appeal, to pass on any questions sought to be presented by the ancillary appeal.

For the error in giving oral instructions after a proper request has been made to instruct the jury in writing, the judgment is reversed. And the trial court is directed to sustain defendant's motion for a new trial and for further proceedings not inconsistent with this opinion.