FREESTONE ET AL. *v.* STATE EX REL. ADVANCE-RUMLEY COMPANY.

[No. 13,990. Filed June 17, 1931. Rehearing denied October 30, 1931. Transfer denied April 26, 1934.]

H. W. *Worden* and W. A. *McVey*, for appellants.

*James M. Ogden*, Attorney-General, *V. Ed Funk*, Deputy Attorney-General, and *Hickey & Dilworth*, for appellees.

KIME, J.—The historical and factual elements of this matter are somewhat complicated and involved. We have set out all that is material as we have found them.

Phillip Amos Freestone was born November 5, 1915. His parents were divorced and he lived with his father, Lon Freestone, who had been awarded his care and custody. On June 23, 1927, when not yet 12 years of age, he was, on a complaint duly filed, alleged to be a delinquent child in that he participated in petty larceny, he then being on probation in the Juvenile Court of LaPorte County. He was on that date brought before the circuit judge of that county who was by virtue of his office the judge of the Juvenile Court. His plea was guilty, the judgment of the court was pronounced orally and he was committed to Whites Manual Labor Institute. Minutes of the proceedings were entered in writing in the Juvenile Court judge's docket at the time, under the direction of the judge, by his probation officer who acted as his secretary, clerk, and stenographer in juvenile matters. The father of this child was then killed while in the employ of Advance-Rumley Company. A petition in behalf of Phillip A. Freestone was filed with the Industrial Board for compensation by H. W. Worden, who had been appointed guardian for this purpose. The board made an award which was reversed and remanded by this court in *Advance-Rumley Company* v. *Freestone* (1929), 89 Ind. App. 653 167 N. E. 377. A copy of the judgment in the juvenile court was necessary in the proceedings to be had before the Industrial Board. This was found not to be of record.

The present action, denominated a petition, was then instituted in the LaPorte Circuit Court sitting as a Juvenile Court, by the State of Indiana on the relation of the Advance-Rumley Company asking the court to order entered *nunc pro tunc* the finding and judgment of June 23, 1927. Those named defendants in the petition were Phillip Amos Freestone, Amos Freestone, Herman W. Worden, guardian of the person and estate of Phillip Amos Freestone. Written notice was given

to Phillip Amos Freestone and H. W. Worden, guardian, which was accepted by W. A. McVey and H. W. Worden, attorneys for Amos Freestone and Herman W. Worden, guardian. Let us say here that it appears that Phillip Amos Freestone and Amos Freestone are one and the same boy. H. W. Worden, guardian, by W. A. McVey, filed a verified motion requesting attorneys for Advance-Rumley Company to show by what authority they appeared for the State. Such retainer was disclaimed by the attorneys. In this motion they say that Phillip Amos Freestone, commonly known as Amos Freestone, is the same infant and that Worden is the guardian of said infant.

A verified motion was then filed to dismiss the petition which was overruled. An answer in general denial to the petition was then filed by H. W. Worden and W. A. McVey as attorneys for H. W. Worden, guardian of Phillip Amos Freestone. The issue being thus formed on the petition and answer, the court heard evidnece of J. C. Richter, the judge who heard the juvenile case, and ordered the entry *nunc pro tunc*.

Then the name Phillip Amos Freestone appears again. He, being the same infant, by the same attorneys who had previously appeared, served a notice on the Prosecuting Attorney that he would move the court to strike out the order entering *nunc pro tunc* this finding and judgment. No notice was given the Advance-Rumley Co. This motion was filed and overruled.

The guardian prayed an appeal and was given time. Nine days later Phillip Amos Freestone prayed an appeal. Neither were perfected and this comes here on a vacation appeal with notice served on the Prosecuting Attorney of the 32nd Judicial Circuit, Advance-Rumley Company, and the clerk of the LaPorte Circuit Court sitting as a Juvenile Court.

The assignment of errors sets out three separate sets

of alleged errors. The first, in the name of Phillip Amos Freestone, the second, in the name of Amos Freestone, and the third, in the name of the guardian of the person and estate of Phillip Amos Freestone. The first specification of all three is identical. It is that the decision of the LaPorte Circuit Court, sitting as the Juvenile Court, is contrary to law. The second is common to the first two sets and is to the effect that the court erred in overruling the motion to strike out the order entering the *nunc pro tunc* finding and judgment. The third is common to all sets and is to the effect that the court erred in ordering the judgment entered *nunc pro tunc*. The third set adds that the court erred in overruling the guardian's motion to dismiss the petition.

Appellants contend that the original action here was a criminal proceeding and, since it was, the informal complaint was not sufficient. They cite *Oliver, Auditor* v. *State ex rel. Lahr* (1924), 195 Ind. 65, 144 N. E. 612, as authority for the statement that this is a criminal prosecution. That case centered on the question of whether or not the title of an act which included "criminal" judges referred to a judge of a juvenile court. The court held by a 3 to 2 decision that "construing the title and body of the act together it is by no means clear that the "criminal" judges referred to do not include the judge of the juvenile court, as one exercising criminal jurisdiction. And to doubt whether or not a statute is unconstitutional is to decide in favor of its validity." Juvenile courts do have criminal jurisdiction of adults, but "when an adult person is presented in juvenile court for a public offense against a child, the accusation must be made in conformity to the Criminal Code of Procedure." Thus this very case they rely on recognizes that it is only in that class of cases that the accusing affidavit or indictment must be in strict and positive language.

This court, in *Dinson* v. *Drosta* (1907), 39 Ind. App. 432, 80 N. E. 32, expressed an opinion that implies actions similar to this are not criminal actions. Later the court amplified its ideas and, in the well considered case of *Heber* v. *Drake* (1918), 68 Ind. App. 448, 118 N. E. 864, recognized that proceedings under the juvenile court act are special statutory proceedings.

All of the statutory enactments from the beginning to 1917 lead one to the inevitable conclusion that the sponsors and the legislators intended to get away from the highly technical criminal proceedings in all things relating solely to juveniles.

"It has been generally though not universally held that statutes creating courts having jurisdiction of juvenile offenders are in no sense criminal, and are not intended to provide punishment, but to save the child from becoming a criminal, and hence not unconstitutional, though they do not provide for trial by jury, or arraignment, or plea, or for notice to the person or a warrant of arrest, and do require the child to be a witness against himself." This from Ruling Case Law (7 R. C. L. 981) shows the general trend.

Notwithstanding all this, the legislature of 1917, in amending the juvenile act after defining "delinquent child," says in positive language:

"Any boy under the full age of sixteen (16) years or any girl under the full age of eighteen (18) years who shall commit any of the acts herein specified shall be deemed a delinquent child and *shall be proceeded against as such in the manner provided by law for the prosecution of persons charged with misdemeanors,* and, upon conviction thereof, may be released on probation or may be dealt with by the court in such manner as may appear to be for the best interest of the child." (As amended, Acts 1917, p. 341. Sec. 1695, Burns Ann. Stat. 1926. (Our italics.)

Persons charged with misdemeanors are proceeded against on a specific affidavit or indictment, the contents and sufficiency being defined by statute and interpreted by a mass of decisions.

The affidavit was as follows: "State of Indiana, County of LaPorte, SS. Lillian L. Hendricks being duly sworn upon her oath says that Amos Freestone is a male child under the full age of fourteen years and is a delinquent child within the meaning of the statute in such cases made and provided, in that he did on or about the 21st day of June, 1927, at said county and state then and there commit an act of delinquency by then and there unlawfully. Did pick the pockets of one John Kotouplaus while he was bathing on the Pine Lake Beach and steal a sum of money and keys. The said boy being on Probation for one year for several offenses last year, contrary to the form of the statute in such case made and provided and against the peace and dignity of the State of Indiana. Lillian L. Hendricks. Subscribed and sworn to before me this 23 day of June, 1927. Othie Jack, Clerk, By Laura Zieke, Deputy. (Seal)."

A true test of the sufficiency of an affidavit is, if the accused has done all of the things charged and yet be guiltless, the affidavit is fatally bad.

There is no statutory offense of pickpocketing, stealing, or violating probation by doing either of these things. It cannot be contended that this charges either petit or grand larceny. The facts alleged here do not constitute a public offense but do the acts upon which this affidavit apparently attempts to predicate a criminal offense constitute a crime.

This is a case of a complaint inartificially drawn, which intimates the existence of the facts necessary to the constitution of the offense, and indicating a purpose to declare on the essential facts.

The power of amendment (or possibly a better word would be substitution) was there. The state could have dismissed the incomplete affidavit and filed one more nearly correct.

Jurisdiction of the acts disclosed by the affidavit was placed in the juvenile court by the legislature. ■ Jurisdiction is the right to adjudicate relative to the subject matter in a stated case.

The contention is here that this is an accusation of a non-criminal act. It is actually an accusation informally, imperfectly, and inaccurately drawn although it cannot be said that the accused, the court, or this tribunal, from the words thus used, did not know that the act complained of was a criminal act.

The conclusion we must reach is that the court had jurisdiction.

This query presents itself: Assuming the judgment to be void, should the record show the truth?

Now to the question of the entry *nunc pro tunc* of the judgment. The general rule is that courts have ■ the inherent power to correct their records so that they will disclose the actual facts and speak the truth.

The rule in Indiana seems to be that there must be some memorial, memorandum, minute, notation, or writing, made in a record required to be kept, ■■ of a prior or even date thereof, and that if such matter is ambiguous or uncertain oral evidence may be resorted to to interpret it. *Perkins et al.* v. *Hayward et al.* (1892), 132 Ind. 95, 31 N. E. 670; *Boyd* v. *Schott* (1898), 152 Ind. 161, 52 N. E. 752; *Wills* v. *Wills* (1911), 176 Ind. 631, 96 N. E. 763; *Stigleman et al.* v. *Felter* (1918), 69 Ind. App. 284, 121 N. E. 670; *Taylor* v. *State* (1921), 191 Ind. 200, 132 N. E. 294; *Schoenrock* v. *State* (1923), 193 Ind. 580, 141 N. E. 351; *Baltimore, etc., R. Co.* v. *Berdon, Admr.* (1924),

195 Ind. 265, 143 N. E. 677; *Lindley* v. *State of Indiana* (1926), 198 Ind. 360, 153 N. E. 772, and authorities there cited. Here, the judges docket, which was introduced in evidence, contained these minutes:

| "Nature of Action | Parties | Cause No. 293 |
|---|---|---|
| Petty Larceny & Pick Pocket | State of Indiana vs. Phillip Amos Freestone | Attorneys Sallwasser |

| | Date of Filing 6-23-27 | Disposed of 6-23-27 |
|---|---|---|

| Term of Court | Day of Term | Minutes of the Court |
|---|---|---|
| June 23rd | 1927 | Aff. filed, boy ordered to Court. Def. in Court pleads guilty as charged. Judge commits boy to White's Manual Training Institute at Wabash." |

There was also an order of commitment made on the same day and signed by the judge. From these records the ex-judge testified and from such records and testimony the court ordered the entry of the judgment *nunc pro tunc*. In considering the sufficiency of the evidence to sustain an order directing or refusing to direct a *nunc pro tunc* entry this court will follow the usual rule governing review of questions of fact and will not disturb the ruling below if it is sustained by any substantial evidence. Freeman on Judgments, Sec. 136; *Turnbow* v. *Baird* (1920), 143 Ark. 543, 220 S. W. 826; *Sloan* v. *Williams* (1915), 118 Ark. 593, 177 S. W. 427; *Lowe* v. *Hart* (1910), 93 Ark. 548, 125 S. W. 1030; *Midyett* v. *Kirby* (1917), 129 Ark. 301, 195 S. W. 674; *In re Fulsome's Estate* (1917), (Mo. App.) 193 S. W. 618.

"Doubtless all courts have the right and are under the duty to make their records speak the truth and the

whole truth, whether the parties to the action or any other person wishes them to do so or not, and a court may therefore direct a *nunc pro tunc* entry on its own motion, as was done in *Wight's Case*, 134 U. S. 136, 33 L. Ed. 865, 10 Supp. Ct. Rep. 487. Any person having rights dependent upon or affected by a judgment may call the attention of the court to the failure of its clerk to enter it, and ask that the entry be made as of the day when the judgment was rendered. And upon an application made by others for a *nunc pro tunc* entry such third persons are entitled to be heard, though they cannot, of course, question the judgment itself." 1 Freeman on Judgments (5th Ed.), p. 256.

The statute of 1852, p. 32, being Sec. 3423, Burns Rev. Stat. 1926, says: ". . . all courts shall tion was filed to appoint a guardian *ad litem* to defend defend the interests of any minor impleaded in any suit. . . ."

The same statute, being Sec. 3390, Burns Rev. Stat. 1926, says: "It shall be the duty of *every* guardian of *any* minor: Fifth . . . and appear for and defend, or cause to be defended, all suits against such ward."

Thus it was the duty of the court here when this petition was filed to appoint a guardian *ad litem* to defend the minor's interest. However, since the legal guardian appeared this was rendered unnecessary. *Makepeace* v. *Bronnenburg* (1896), 146 Ind. 243, 248, 45 N. E. 336.

Here, the guardian appeared and resisted the petition and defended the interests of the ward as he should. Hence the guardian or Freestone cannot now be heard to say that the rights herein were not fully protected and from the above the Advance-Rumley Company cannot complain of the appearance of the guardian.

Finding no reversible error this case is affirmed and it is so ordered.

Neal, C. J., concurs in result.