PLATIS *v.* THE GARY STATE BANK ET AL.

[No. 15,877. Filed November 29, 1938.]

*Charles W. Gannon,* for appellant.

*Call & Call,* for appellees.

LAYMON, J.—This is an appeal from a judgment decreeing to appellee The Gary State Bank, as trustee, the possession of certain real estate and damages for the unlawful detention thereof. The trial court, upon proper request, made a special finding of facts and stated its conclusions of law thereon. The only claimed error which appellant has attempted to present in this appeal is alleged error of the trial court in each of its conclusions of law.

The transcript of the record, as filed in this court on September 17, 1936, discloses: That appellee The Gary State Bank, as trustee, instituted this action against appellant and four other defendants, three of whom,

including appellant, appeared and filed answer thereto; that the remaining two defendants were defaulted; that judgment for the possession of the real estate involved was rendered against all of the defendants; and that the exception to the conclusions of law is in the following language: "And the defendant now objects and excepts to each separate and several finding of fact and each separate and several conclusion of law thereon."

On January 6, 1937, subsequent to the filing of the original transcript in this court, appellant filed in the trial court his petition for an entry *nunc pro tunc*, asking the court to correct its record by inserting the name of appellant following the word "defendant" in the exception to the conclusions of law. Upon due notice being given, a hearing was had, evidence adduced, and judgment rendered denying the petition. This additional record was properly brought before us by a writ of certiorari issued out of this court. Appellant has filed a supplemental assignment of errors challenging the correctness of the trial court in denying his petition for an entry *nunc pro tunc*.

At the hearing on the petition for an entry *nunc pro tunc* appellant sought to sustain his petition by parol testimony to the effect that his counsel representing him in the litigation was the only person who took an exception to the court's conclusions of law; that such exception was taken on behalf of appellant, and for no one else, and that appellant's counsel requested that the exception be entered of record in the name of appellant. Appellee offered evidence to the effect that none of the defendants in the trial court, including appellant, took exceptions to the court's conclusions of law; that the appellant, either in person or through his attorney, did not except to the conclusions of law or each of them.

Appellant insists that the court's bench docket containing the judge's minutes of the case was a written memo-

rial establishing that an exception was taken to each conclusion of law by a defendant, without naming such defendant; that the parol testimony offered by appellant to supplement the name of the defendant who reserved the exception was not contradicted, because the oral evidence offered by appellee sought to contradict the record, and it was error for the court to admit appellee's oral evidence.

It is generally true that the records of the courts are memorials of their proceedings and import absolute verity and cannot be contradicted by parol testimony; that such a record may not be amended or changed *nunc pro tunc* after the term at which it was made upon parol evidence alone, but that there must be some written record, memorandum, memorial, or note as a basis for the amendment. It is generally recognized that parol evidence is competent, but only in connection with written evidence. *Illinois Pipe Line Co.* v. *Fitzpatrick* (1934), 207 Ind. 1, 188 N. E. 771.

We cannot agree with appellant that all of appellee's evidence had the effect of contradicting the record. Appellant resorted to parol testimony to attempt to supplement the name of the defendant who actually reserved the exception by showing that appellant was the only defendant present in court at the time. To refute such fact, evidence offered by appellee was admitted to the effect that the appellant, either in person or through his attorney, did not take an exception to the conclusions of law. We think, therefore, that the evidence before the trial court upon the subject of who took the exception was in conflict. In considering the sufficiency of the evidence to sustain an order directing or refusing to direct a *nunc pro tunc* entry, this court will follow the usual rule governing review of questions of fact and will not disturb the ruling below if it is sustained by any competent evidence.

694

*Freestone* v. *State· ex rel. Advance-Rumely Co.* (1934), 98 Ind. App. 523, 176 N. E. 877.

We conclude that the trial court did not err in denying appellant's petition for an entry *nunc pro tunc.*

The record, as it now stands, fails to show affirmatively that appellant took and reserved an exception to each of the conclusions of law. Since the only assigned error is alleged error of the trial court in each of its conclusions of law, and, no exception having been taken by appellant, it follows that there is nothing before this court, and the judgment of the trial court must be and is affirmed.

Bridwell, J., concurs.

Curtis, C. J., not participating.