## C.L.B. *v.* S.T.P.

[No. 1-475A74. Filed November 25, 1975.]

*John O. Worth, Clarkson & Worth,* of Rushville, for appellant.

*Jim C. Cordes, Cordes, Baker and Bodwell,* of Connersville, for appellee.

LOWDERMILK, J.—This is an action brought by petitioner-appellant under the paternity statute, charging respondent-appellee with being the father of her minor child.

In the summer of 1970 petitioner, who was unmarried, became pregnant and upon that determination discussed the matter with the Union County Prosecuting Attorney and filed a petition against the respondent to establish paternity and to compel support through a Deputy Prosecuting Attorney. Before the birth of the child petitioner filed an assault and battery affidavit against the respondent.

The child was born on March 21, 1971, and petitioner notified the Deputy Prosecuting Attorney of the birth.

In the spring of 1971 there was a discussion concerning an agreement that if the paternity suit were dismissed the respondent would plead guilty in the Town Court of Brookville to the assault and battery charge. The record does not disclose just who was involved in this purported agreement. The petitioner charges that the agreement was not only not accepted by her but was never made known to her. The agreement was discussed by and between the respondent's attorney and the Deputy Prosecuting Attorney.

On June 5, 1971 respondent did plead guilty to assault and battery in the Town Court and was fined $5.00 and costs and given three months suspended sentence. The paternity suit was *not* dismissed by the petitioner nor by the Deputy Prosecuting Attorney on the records of the Juvenile Court of Franklin County.

Thereafter this cause was dismissed by the court on its own motion, *without prejudice,* on November 2, 1972.

Following the plea of guilty in the Town Court the Deputy Prosecuting Attorney advised petitioner he could not proceed with the paternity action and that she might wish to consult with another lawyer.

On July 10, 1972 petitioner filed her second verified petition to establish paternity of her fatherless child and to compel support.

Respondent filed answer to the petition and also an answer in bar, setting up the first petition to determine paternity and that the same had been dismissed *sua sponte* on the second day of November, 1972. That the assault and battery charge had been filed and that the agreement had been made by and between the Deputy Prosecuting Attorney, the petitioner and respondent that he would plead guilty to the assault and battery charge for release of the paternity charge and that on this promise and agreement respondent so pleaded guilty.

Petitioner filed her motion to strike to which respondent filed his brief in opposition, which was followed by petitioner's brief in support of her motion to strike.

Thereafter, on October 12, 1973, the court set the above for trial and did conduct a hearing on petitioner's motion to strike respondent's answer and plea in bar, after which he entered judgment for the respondent after finding the doctrine of *res judicata* did preclude the petitioner from pursuing another remedy such as the one she pursued in the cause on which he was ruling. The court stated further that *res judicata* applied.

> ". . . for the reason that in the previous hearing a bargain was worked out by and between the attorneys whereby that previous paternity action was dismissed, and the parties thereto were the same and all legal questions and issues were the same. And the Court is not in the position at this time to judge whether such bargain, which resulted in the dismissal of the previous paternity suit, was a wise or good choice or not. The bargain was made, wherein the paternity suit was agreed to be dismissed in exchange for a plea by defendant in a criminal case, which plea was made and judgment entered, and the Court feels petitioner cannot now be heard in this second cause of action after defendant has followed through with his part of the agreement."

Petitioner timely filed her motion to correct errors, the first specification of which is as follows, to-wit:

> "1. The doctrine of *res judicata* does not apply in the instant case since the matters raised herein had not been adjudicated in the prior matter and that the Court's own record indicates that the prior matter had been dismissed *without prejudice,* thus permitting the petitioner to plead again, which she did."

The record in the case before us is clear that the first paternity action had not been dismissed of record on the motion of the Deputy Prosecuting Attorney and his testimony at the hearing on that question is as follows:

(Question to Deputy Prosecutor Douglas:)

"Q. Then did you dismiss the paternity suit?

A. Uh—on the record, no."

The Deputy Prosecuting Attorney has testified he did not dismiss the first action. The court dismissed the first case *sua sponte without prejudice* on November 2, 1972, without having heard any evidence therein. There is nothing in the record that indicates a judgment on the first petition on the merits. The hearing in the case at bar was had on petitioner's motion to strike respondent's answer in bar stating that the first paternity petition had been dismissed *sua sponte* without prejudice. There was no evidence submitted to the court on the issues raised as to the paternity of the child. The court's judgment was based on a purported agreement between the parties as to the dismissal of a criminal action which could not have raised a question of *res judicata*. The record discloses that the petitioner and respondent each testified. Neither testified as to the birth of the child, except petitioner did mention the child's name.

In *Epps* v. *State* (1963), 244 Ind. 515, 525, 192 N.E.2d 459, our Supreme Court said:

". . . A court speaks through its order book entries, and such records import verity. . . ."

See, *Platis* v. *Gary State Bank* (1938), 105 Ind. App. 690, 17 N.E.2d 486.

The question we are to determine here is whether or not this second petition to establish paternity is *res judicata*.

In *England* v. *Dana Corp.* (1970), 147 Ind. App. 279, 282, 259 N.E.2d 433, this court said:

". . . As stated by the Supreme Court of Indiana in *Burrell* v. *Jean* (1925), 196 Ind. 187, 146 N.E. 754, a plea of prior adjudication is valid if supported by the concurrence of the following:

1. A judgment rendered on the merits;
2. By a court of competent jurisdiction;
3. Identity of parties; and
4. Identity of subject matter.

"A prior adjudication which meets the above tests constitutes a bar to a subsequent action upon the same subject matter between the same parties. . . ."

In *American Nat. Bk., Adm., etc.* v. *Hines* (1968), 143 Ind. App. 217, 222, 223, 239 N.E.2d 589, this court, in quoting from *Johnson, et al.* v. *Knudson-Mercer Company* (1906), 167 Ind. 429, 79 N.E. 367, said:

" 'Under the approved practice of this State a plea of former adjudication must show: (1) (T)hat the former judgment was rendered by a court of competent jurisdiction; (2) that the matter now in issue was, or might have been, determined in the former suit; (3) *that the particular controversy adjudicated in the former suit was between the parties to the present suit;* and (4) *that the judgment in the former suit was rendered on the merits.'* (Emphasis ours.)" (Emphasis on point 4 our emphasis.)

*Ebenezer Old People's Home* v. *Bernhard* (1935), 100 Ind. App. 636, 642, 196 N.E. 129, held:

". . . 'A final judgment is one which determines the rights of the parties in the suit, *or a distinct and definite branch of it,* and reserves no further question or direction for future determination.' " (Original emphasis.)

*Costello* v. *United States* (1961), 365 U.S. 265, 5 L.Ed.2d 551, 8 S.Ct. 534, 564, stated:

"At common law dismissal on a ground not going to the merits was not ordinarily a bar to a subsequent action on the same claim. In Haldeman v. United States, 91 US 584, 585, 586, 23 L ed 433, 434, which concerned a voluntary nonsuit, this Court said, 'there must be at least one decision on a *right* between the parties before there can be said to be a termination of the controversy, and before a judgment can avail as a bar to a subsequent suit. . . . There must have been a right adjudicated or released in the first suit to make it a bar, and this fact must appear affirmatively.' A similar view applied to many dismissals on the motion of a defendant. In Hughes v. United States (US) 4 Wall 232, 237, 18 L ed 303, 305, it was said: 'In order that a judgment may constitute a bar to another suit, it must be rendered in a proceeding between the same parties or their privies, and the point of controversy must be the same in both cases, and must be determined on its merits. If the

first suit was dismissed for defect of pleadings, or parties, or a misconception of the form of proceeding, or the want of jurisdiction, or was disposed of on any ground which did not go to the merits of the action, the judgment rendered will prove no bar to another suit.' . . .'" (Cases cited omitted.) (Original emphasis.)

The issue in the case at bar to have been determined by the court was whether or not the petitioner, C.L.B., was an unwed mother and had given birth to the child of the respondent, S.T.P.

We are of the opinion that the first petition filed by the petitioner was not *res judicata* as there was no judgment rendered on the merits and there was no adjudication in the former suit. In fact the cause was dismissed *sua sponte* without prejudice by the court. The subject matter was the same in both petitions. However, the subject matter alluded to in the trial of the plea in bar and the motion to strike on which the trial court determined the theory of *res judicata* applied was whether a purported agreement between the parties pertaining to a criminal prosecution had been carried out and was not on the merits of the case at bar.

Petitioner, C.L.B., is entitled to her day in court for a determination of the petition on its merits. To this time she has not been afforded such.

The court's decision is contrary to law.

Inasmuch as other errors relied upon by appellant are not likely to come up on retrial of this cause we will not write on other claimed errors. *McGinnis* v. *Public Service Co. of Ind.* (1974), 161 Ind. App. 1, 313 N.E.2d 708.

Judgment reversed and remanded to the trial court for a new trial.

Robertson, C.J. and Lybrook, J., concur.

NOTE.—Reported at 337 N.E.2d 582.