## YEAGER v. STATE OF INDIANA.

[No. 11,960. Filed October 8, 1924. Rehearing denied February 5, 1925. Transfer denied March 9, 1925.]

1. APPEAL.—*Finding of facts presumed sufficient to sustain conviction in juvenile court when not set out in brief.*—On an appeal from a conviction in the juvenile court, where the appellant fails to set out the finding of facts certified by the judge of that court in accordance with §1635 Burns 1914, Acts 1907 p. 221, the Appellate Court will presume the facts found are sufficient to sustain the judgment. p. 568.

2. APPEAL.—*Finding of facts to sustain judgment will be presumed on appeal from juvenile court.*—On appeal from a conviction in the juvenile court of Marion county of neglecting his infant daughter, where the trial was held in Indianapolis and the parties all lived there, the acts of neglect having taken place there, it will be presumed that the court found all facts necessary to sustain the judgment, the appellant having failed to set out the certified facts in his brief. p. 568.

From Marion Juvenile Court (A 18,284); *Frank J. Lahr*, Judge.

Thomas W. Yeager was convicted in the Marion Juvenile Court of neglecting his infant daughter and appeals. *Judgment affirmed.*

*R. M. Coleman*, for appellant.

*U. S. Lesh*, Attorney-General, and *O. S. Boling*, for appellee.

McMahan, J.—Appellant was convicted in the juvenile court of Marion county of neglecting and contributing to the neglect of his daughter who was under the age of seventeen.  An appeal having been prayed to this court, the judge of the juvenile court certified the facts of the case in the form of a special finding as directed by §1635 Burns 1914, Acts 1907 p. 221.

Appellant filed a motion for a new trial assigning as reasons therefor that the finding of the court was contrary to law and was not sustained by sufficient evidence.  The only specification in the assignment of errors filed in this court relates to the action of the court in overruling the motion for a new trial.  In support of this assignment, appellant contends that the evidence is not sufficient to sustain the special finding and that the facts found are not sufficient to sustain the judgment.

Appellee, in order to avoid the alleged errors and to sustain the judgment, contends:   (1) That the assignment of errors presents no question for decision; and (2) that appellant's brief presents no question.  Section 1635 Burns 1914, *supra,* makes it the duty of the juvenile court, when an appeal is prayed, to certify the facts in the form of a special finding and provides that this court on appeal shall pass on the sufficiency of such facts to sustain the judgment rendered, and that no judgment shall be reversed except as the finding of facts or the evidence to sustain the same, shall be found to be insufficient.  This section also provides that: "An assignment of errors that the decision of the juvenile court is contrary to law shall be sufficient to present both the sufficiency of the facts found to sustain the judgment and the sufficiency of the evidence to sustain the finding."

Having come to the conclusion that the judgment must be affirmed, we will assume, without deciding, that

the specification in the assignment of errors that the court erred in overruling the motion for a new trial is a proper assignment. As bearing upon this question, however, see *Murphy* v. *State* (1916), 61 Ind. App. 226, and *Parker* v. *State* (1916), 63 Ind. App. 671, where it was held that the only assignment of errors allowed by the statute regulating appeals in juvenile cases is, "that the decision of the court is contrary to law."

Appellant having wholly failed to set out the finding of facts or its substance in his brief, we must presume that the facts found are sufficient to sustain the judgment.

Appellant also insists that there is no evidence as to the time or place of the commission of the offense or that the child mentioned in the affidavit was a dependent or a neglected child or that she had been found to be a dependent or neglected child. The trial of this case was held in the city of Indianapolis, and the evidence is sufficient to sustain a finding that appellant had, within two years prior to the filing of the affidavit on which he was prosecuted, neglected his daughter, that the parties all resided in the city of Indianapolis and that the acts of neglect took place in that city. According to appellant's statement of the case, the court found and adjudged him guilty of the offense charged. In order to sustain that finding and judgment, the court had to find that the child named in the affidavit was a neglected child, and as hereinbefore stated, we presume that the court found all facts necessary to sustain the judgment.

Judgment affirmed.

Dausman, J., dissents.