ALVEY *v.* STATE OF INDIANA.

[No. 15,445.   Filed January 28, 1936.]

*Thomas D. McGee* and *Rochford & Rochford,* for appellant.

*Philip Lutz, Jr.,* Attorney-General, *Joseph P. McNamara,* Deputy Attorney-General, *Henry R. Wilson, Jr.,*

Assistant Attorney-General, and *Herbert M. Spencer*, Prosecuting Attorney, for appellee.

WIECKING, J.—The appellant was charged by an affidavit with contributing to the neglect of a child, to which affidavit the defendant pleaded not guilty. The cause was submitted to the court for trial. The finding of the court was that the appellant was guilty as charged in the affidavit and the judgment of the court was that the appellant be fined in the sum of Fifty Dollars ($50.00) and that he be imprisoned in the Indiana State Farm for a period of one hundred eighty (180) days. The appellant filed his motion for new trial, which was overruled by the court and now prosecutes this appeal, assigning as error (1) that the decision of the Juvenile Court is contrary to law and (2) the Juvenile Court erred in overruling appellant's motion for new trial.

The only proper assignment of error presented is that the decision of the Juvenile Court is contrary to law. *Parker* v. *State* (1917), 63 Ind. App. 671, 113 N. E. 763; *Heber* v. *Drake* (1918), 68 Ind. App. 448, 118 N. E. 864.

The first proposition discussed by the appellant is with regard to the failure of the prosecuting attorney to indorse the words "approved by me" upon the affidavit in the court below. Without discussing whether or not such failure would be sufficient to compel the affidavit to succumb to a motion to quash below, it is well settled that such question cannot be raised for the first time on appeal in this court. *Robinson* v. *State* (1912), 177 Ind. 263, 265, 97 N. E. 929; *Hicks* v. *State* (1916), 185 Ind. 223, 113 N. E. 722; *Tow* v. *State* (1926), 198 Ind. 253, 151 N. E. 697; *Knapp* v. *State* (1932), 203 Ind. 610, 181 N. E. 517.

The appellant cites in support of his contention the case of *Pease* v. *State* (1921), 74 Ind. App. 572, 129 N.

E. 337. In that case the appellant was tried on a complaint and not on an affidavit and the question here presented was not involved.

By his third, fourth, and fifth points, the appellant questions the sufficiency of the court's special finding of facts. We do not find the court's special finding of facts set out any place in the brief of the appellant. Therefore, no question is presented to this court upon such special finding of facts by the court. Rule 21 (Clause 5), Rules of the Supreme and Appellate Courts. *Reeves and Company* v. *Gillette* (1911), 47 Ind. App. 221, 94 N. E. 242; *Todd* v. *Crail* (1906), 167 Ind. 48, 77 N. E. 402. Where such finding is not set out in appellant's brief, this court will presume that the juvenile court found all the facts necessary to sustain the judgment. *Yeager* v. *State* (1925), 82 Ind. App. 566, 144 N. E. 846.

By his points and authorities the appellant apparently wishes to state that the court erred in its third and fourth special findings of facts or that such finding was not supported by the evidence. The evidence in this case is not in the record nor set out in appellant's brief and we must, therefore, conclude that such evidence supports the special finding of facts by the court. *Parker* v. *State, supra.*

Judgment affirmed.