THOMPSON *v.* MASONIC CEMETERY ASSOCIATION.

[No. 15,792. Filed December 16, 1936.]

*Harding & Harding,* for appellant.

*White, Wright & Boleman* and *George C. Forrey III,* for appellee.

CURTIS, J.—This case originated with the filing by the appellant, as widow and sole dependent of the deceased employee, of an application for adjustment of her claim for compensation with the Industrial Board, in which it was alleged that the death of her husband was the result of an accident arising out of and in the course of his employment by the appellee. Upon the hearing before the full board the following finding was made:

"BE IT REMEMBERED, that pursuant to notice fixing the time and the place therefor, this cause was called for hearing before the full Industrial Board of Indiana, at the rooms of the Board in the State House, Indianapolis, Marion County, Indiana, on May 7, 1936, at 10:00 A. M.,

on defendants' application to review an award entered April 7, 1936.

The plaintiff appeared by Robert Harding, her attorney. The defendant appeared by E. J. Bolemen, its attorney.

And the Full Industrial Board, having heard the argument of counsel, having reviewed the evidence and being duly advised therein, finds that on August 7, 1935, Nehemiah Henry Thompson was in the employ of the defendant at an average weekly wage of $20.00; that on said date the said Nehemiah Henry Thompson was living with his wife, Aura Thompson, who was totally dependent upon him for support; that February 8, 1936, Aura Thompson, plaintiff herein, filed her application for the adjustment of a claim for compensation.

It is further found by the full Industrial Board of Indiana that the death of the said Nehemiah Henry Thompson was not due to any accidental injury arising out of and in the course of his employment with the defendant.

### ORDER

It is therefore considered and ordered by the Full Industrial Board of Indiana, that the plaintiff shall take nothing by her complaint herein and that she shall pay the costs of this proceeding."

It is from the above finding and order that this appeal was prayed and perfected. The error assigned and relied upon for reversal is that the award of the full Industrial Board is contrary to law. This is a sufficient assignment of error to bring into review all matters sought herein to have reviewed. See section 61 of the Indiana Workmen's Compensation Act, §40-1512 Burns 1933, §16437 Baldwin's 1934.

The evidence in this case discloses that the appellant's deceased husband upon the day that he met his death hauled in and placed in his mow some hay that he had cut on the employer's property, but which hay he harvested into his own barn for the purposes of feeding it to his own cow. We think the evidence is convincing that in doing that work he was not in the employ of the appellee.

The evidence further indicates that he became very hot in such work and that a little later in the day he, together with some other employees of the appellee, each took a hand lawn mower to mow the grass in the cemetery. In this latter work he was in the employment of the appellee. The evidence shows that the day was exceptionally hot throughout the neighborhood where the death occurred, but there was no evidence that anything untoward happened to him by way of an accident. There is no evidence that the decedent was subjected to any different conditions from that of the other employees and there was no evidence of any kind that the lawn mower or the condition of the grass produced any unusual amount of heat or exposure. The deceased died while he was using the lawn mower, falling over and dying almost instantly. The coroner testified that he made no examination of the body, but that he talked with the other employees who were present and concluded that the decedent died from heat stroke. The two cases in Indiana that come closest lending support to the appellant are the cases of *Chapman-Price Steel Co.* v. *Bertells et al.* (1931), 92 Ind. App. 634, 177 N. E. 76, and the case of *Cunningham et al.* v. *Warner Gear Co.* (1936), 101 Ind. App. 220, 180 N. E. 808. We think each of these cases is readily distinguishable from the instant case for in each of those cases there was a specific condition prevailing, which tended strongly to be of the nature of an unlooked for, untoward event or happening. For instance in the Cunningham case we find this fact, "It was hotter near the pots where the decedent worked than it was outside the factory building." In the Chapman-Price case, *supra,* the employee was subjected to an exposure by artificial heat of such extraordinary nature as to cause convulsions due to his body being depleted of oxygen by continued exposure to excessive heat, although he had previously been in good health.

From the evidence as we read it from the record we are convinced that the finding which the Industrial Board made on the question of fact as to the cause of the decedent's death is amply sustained, and we are not permitted to substitute our opinion for the opinion of the Board in that regard.

Our conclusion is that the award of the full Industrial Board is not contrary to law and it is therefore affirmed.