GARDNER ET AL *v.* LOHMANN CONSTRUCTION COMPANY, INC.

[No. 17,365. Filed October 9, 1945.]

*James A. Emmert,* Attorney General, *Winslow Van-Horn,* Deputy Attorney General, and *Fred R. Bechdolt,* Chief Counsel, Indiana Employment Security Division, for appellants.

*Harry E. Yockey, Eugene H. Yockey* and *Kirkwood Yockey,* of Indianapolis, for appellee.

CRUMPACKER, P. J.—The Indiana Employment Security Division collected contributions from the appellee at the rate of 2.7 per centum of its reportable payroll for the period beginning April 1, 1942, and ending June 30, 1943. Contending that its proper and legal rate of contribution for such period should have been determined at 1.7 per centum of its reportable payroll the appellee filed a claim with the State Employment Security Board for a refund of the alleged excess contributions so paid in the sum of $1,576.90. This claim was denied by the board and, upon request of the appellee, the matter was referred to a liability referee who, after a proper hearing, found the facts specially, concluded as a matter of law that the contributions paid by the appellee over the period involved were in no part unlawfully collected and entered an order denying recovery. The appellee thereupon filed its complaint in the Marion Superior Court for a judicial review of the liability referee's decision, and in due course such decision was reversed by said court and final judgment entered that the appellee recover a refund of $1,576.90, together with interest, such being the agreed excess over 1.7 per centum of its reportable payroll paid by the appellee for the period involved. The appellants' motion for a new trial, challenging the sufficiency of the evidence and the legality of the court's decision, was overruled and this appeal followed upon the single assignment that the court's ruling on said motion is erroneous.

Acts 1943, ch. 286, § 10, b-9, being § 52-1514, b-9, Burns' 1943 (Supp.), provides as follows: "Any decision of a liability referee shall be conclusive and binding as to all questions of fact if supported by evidence and any employing unit aggrieved by any such decision may file a complaint in any court of competent jurisdiction or in the circuit court of the county in which the employ-

ing unit resides, or in which is located its principal office or place of business, for a judicial review of such decision for errors of law, and no other civil action shall be brought. No judicial review proceeding shall be entertained by the court with respect to the assessment of any contributions, interest or penalties, unless the complaint shows and the court finds that the payment of such assessment is secured by bond, deposit or otherwise as the court may approve.

"As soon as practicable and within thirty (30) days after the complaint for judicial review is filed the board shall file in the office of the clerk of the court in said cause a full and complete transcript of the entire record before the liability referee under the seal of the division.

"The court shall thereafter review the record for error of law and enter an order affirming or reversing the decision of the liability referee or modifying the same to such extent as the justice of the case requires. If the court affirms the decision, a judgment shall be rendered in favor of the board for any contributions, interest and penalty found to be owing to the board and which have not been paid.

"Any party aggrieved by the order of the court may appeal said order without further proceedings upon the same terms and conditions as govern ordinary civil appeals, except that an assignment of error that the decision of the court is contrary to law shall be sufficient to raise both the sufficiency of the facts found to sustain the decision of the liability referee and the sufficiency of the evidence found to sustain the finding of the facts."

Article 7, § 4 of the Constitution of the State of Indiana provides that the legislature may regulate and

restrict appeals to the Supreme Court. By this is meant that the legislature may prescribe the mechanism of such appeals—the method and manner in which the jurisdiction of the Supreme Court is invoked. It necessarily follows that the same right to regulate and restrict appeals to this court, a tribunal of legislative creation and co-existent with legislative will, reposes in the legislature. That being true, we are forced to the conclusion that where the legislature has provided a procedure, special in its nature and applicable to a particular class of actions, whereby appeals may be taken to this court, such procedure must be followed and general statutes in reference to appeals must give way.

This brings us to the consideration of the statute here involved, the pertinent part of which is as follows:

"Any party aggrieved by the order of the court may appeal said order without further proceedings upon the same terms and conditions as govern, ordinary civil appeals, except that an assignment of error that the decision of the court is contrary to law shall be sufficient to raise both the sufficiency of the facts found to sustain the decision of the liability referee and the sufficiency of the evidence to sustain the finding of facts." This means that any party who desires to appeal from the final order of the reviewing court may do so by procuring a transcript of the whole or any part of the record as provided by Rule 2-3, 1943 Revision, and filing the same together with an assignment of errors in the office of the clerk of this court within 90 days from the date of such order. Rule 2-2, 1943 Revision. Pending decision on appeal execution of the order may be stayed as provided by Rule 2-3, *supra*. The assignment of error attached to and filed

138

with the transcript should charge that the "decision of the court is contrary to law" which assignment is sufficient to present *any error shown by the transcript* including the questions of whether the factual conclusions of the liability referee are supported by substantial evidence and whether his determination of the controversy comports with the law applicable to the facts found. *Frazer* v. *McMillin & Carson* (1932), 94 Ind. App. 431, 179 N. E. 564; *The John C. Groub Co.* v. *Brock* (1932), 94 Ind. App. 346, 180 N. E. 923; *Tallon* v. *Sexton Coal Co.* (1934), 99 Ind. App. 222, 192 N. E. 108; *Thompson* v. *Masonic Cemetery Assn.* (1936), 103 Ind. App. 74, 5 N. E. (2d) 145. While it is true that the above decisions concern appeals from Industrial Board awards, they are in construction of a statute which is almost identical with the one under consideration and both reason and logic commend their applicability to the present case.

The statute pertaining to appeals from the decisions of juvenile courts contains the following provision:
"An assignment of error that the decision of the juvenile court is contrary to law shall be sufficient to present both the sufficiency of the facts found to sustain the findings." § 9-2858, Burns' 1942 Replacement. In construing this statute we have repeatedly held that an assignment that the court erred in overruling the appellants' motion for a new trial presents no question for review because the only assignment of error allowed by the statute is that the decision of the court is contrary to law. *Blake* v. *State* (1943), 114 Ind. App. 1, 48 N. E. (2d) 651; *Alvey* v. *State* (1936), 101 Ind. App. 391, 199 N. E. 432; *Parker* v. *State* (1917), 63 Ind. App. 671, 113 N. E. 763; *Heber* v. *Drake* (1918), 68 Ind. App. 448, 118 N. E. 864. Thus it seems logical to conclude that the statute under which

this appeal is prosecuted, containing the same provisions in reference to the assignment of errors, does not contemplate or sanction the filing of a motion for a new trial.

This construction of the statute, we believe, is expressive of legislative intent in view of the fact that the judicial review of the decision of the liability referee provided thereby is not a trial within the meaning of the word as it pertains to judicial procedure. The Supreme Court has said: "There has been a trial, in contemplation of the statute authorizing a new trial, when there has been 'a judicial examination of the issues, whether of law or of fact in an action.'" *Zumpfe* v. *Piccadilly Realty Co.* (1938), 214 Ind. 282, 13 N. E. (2d) 715, 15 N. E. (2d) 362. This, of course, refers to a judicial examination of the issues by the court or tribunal in which the controversy originates or a court of like function to which such controversy has been venued. It has no reference to a hearing before a court of review wherein the record of proceedings elsewhere is examined for errors of law.

The Employment Security Act of 1943, *supra,* constitutes the Superior Court of Marion County, a court of review wherein the record of proceedings before liability referees may be examined for errors of law. Such examination is not a trial. A motion for a new trial is therefore a nullity and there can be no error in its overruling. As the sole error assigned is predicated on such ruling no question is presented for our decision.

*Appeal dismissed.* By the court in banc.

Hamilton, J., not participating.

NOTE.—Reported in 62 N. E. (2d) 867.