KUPFER ET AL. *v.* BOARD OF ZONING APPEALS
OF INDIANAPOLIS.

[No. 19,096. Filed October 29, 1959.]

56

*Robert H. Staton,* of Indianapolis, for appellant.

*M. Walter Bell,* of Indianapolis, Assistant City Attorney, and *Richard M. Salb,* of Indianapolis, for appellee.

Ax, J.—This is an appeal from a judgment dismissing appellants' petition for a Writ of Certiorari to review a decision of the appellee, Board of Zoning Appeals of Indianapolis. A variance had been granted by said Board to the Industrial Salvage, Inc., at 1741 Naomi Street, Indianapolis, permitting construction and operation of an industrial salvage yard with off-street parking and loading spaces in an area zoned for industrial use but not the use proposed by said corporation.

There is no question involved in this case concerning the merits of the decision of the Board of Zoning Appeals granting the variance, and for that reason it is not necessary in this opinion to set forth the petition for Writ of Certiorari.

The question brought before this court stems from the judgment of the Marion Superior Court sustaining a motion to dismiss the petition for writ of certiorari. The motion was filed by Industrial Salvage, Inc., which appeared specially for the purpose of filing said motion, which is as follows, omitting formalities thereof:

1. That the court has no jurisdiction over the proper parties herein.

2. That this court has no jurisdiction over the subject matter herein, for the reason that the statutory jurisdiction to hear and decide the matters and facts contained in said petition has not been invoked in compliance with the statute providing for review by certiorari of decisions of said Board of Zoning Appeals, said statute being Burns' Annotated Statutes, §53-783, Acts 1947, ch. 174, Sec. 82, p. 571 as amended.

The court, after hearing oral argument, entered its judgment on the pleadings as follows:

"Comes now the Industrial Salvage, Inc., by counsel, and having previously filed a Motion to Dismiss the Petition for Writ of Certiorari filed herein by Petitioners, which Motion to Dismiss was filed on May 24, 1957, with Oral Argument held on said motion on June 7, 1957, and, the Court having held said motion under advisement,

IT IS NOW ORDERED, ADJUDGED AND DECREED by the Court that the Motion to Dismiss is sustained in all particulars, and that the Petition for Writ of Certiorari is hereby dismissed, costs of the action against Petitioners."

Appellants' motion for new trial on the grounds that the decision was contrary to law was overruled, and therefore, this appeal follows with the appellants' assignment of errors that:

The Court erred in sustaining the Motion to Dismiss of appellee, Industrial Salvage, Inc., to appellants' Petition for a Writ of Certiorari and the notice given thereof, and that

The Court erred in its conclusion of law no. 1.

We are at a loss to find wherein the Court made any conclusion of law no. 1. For that reason, we are considering only as a proper assignment of error appellants' assignment that the Court erred in sustaining appellee's Motion to Dismiss.

Two questions which we believe to be controlling in this appeal are—(1) Is it necessary to make a party to whom a variance has been granted by the Board of Zoning Appeals a party defendant to a petition for a writ of certiorari filed by an adverse party, and (2) if so, is it necessary to have strict compliance with the statutory provision of service of notice by the sheriff upon a necessary party defendant in order to acquire jurisdiction over the parties?

We are of the opinion that the language of the applicable statute on who are adverse parties in a petition for writ of certiorari for a zoning determination as outlined in Burns' Ind. Stat., 1951 Repl. §53-784, which has been superseded by Burns' Ind. Stat., 1959 Ann. Pocket Supp., §53-975, clearly shows that the Industrial Salvage, Inc., should have been made a party defendant to the court action below because it was an adverse party. The Industrial Salvage, Inc., was the petitioner in the hearing before the Board of Zoning Appeals of Indianapolis, and the Board granted the petition. Thereafter, the appellants filed an action in the Marion County Superior Court contesting such grant. The nature of that action was to set aside the variance granted to the Industrial Salvage, Inc., with regard to the use of real estate belonging to the Industrial Salvage, Inc. Certainly in an action which would affect the grant to variance and thereby necessarily affecting the rights and interests of Industrial Salvage, Inc., it is elementary that Industrial Salvage, Inc., should have been made a party defendant in the court below in order to defend and protect its interests, for in any judicial proceeding affecting rights of a property owner, that property owner should be made a party.

The pertinent part of the above referred to appli-

cable statute, Burns' Ind. Stat., 1959 Ann. Pocket Supp., §53-975, reads as follows:

> "On filing a petition for writ of certiorari with the clerk of the circuit or superior court of the county in which the premises affected are situated, *the petitioner shall cause a notice to be issued and served by the sheriff of the county upon the adverse party* or parties, if any, as shown by the record of the appeal, in the office of the board of zoning appeals. . . ." (Our emphasis.)

Appellants make no argument nor offer any legal authorities to the effect that Industrial Salvage, Inc., the landowner, was not an adverse party under the statute. In fact, in reply to a motion filed by the appellee, Board of Zoning Appeals, to dismiss the petition for the same reason that Industrial Salvage, Inc., was a necessary party defendant and had not been served with a notice or other process, appellants filed first, an affidavit attempting to show service of process upon Industrial Salvage, Inc., and second, a motion in opposition to the motion to dismiss reciting that Industrial Salvage, Inc., has been joined as a proper party in interest and party defendant and that notice had been served upon the attorney for Industrial Salvage, Inc., as shown upon the records of the Board of Zoning Appeals. Appellants claimed in their brief that they complied with the "spirit" of the applicable statute by notifying the attorney for the adverse party of the filing of the petition for writ of certiorari, setting out the following statement in their memorandum filed with their motion in opposition to appellee's motion to dismiss:

> "The spirit of section 53-784 is to provide for a proper notice to all adverse parties shown upon the records in the office of the Board of Zoning Appeals that the petition was filed for a writ of certiorari in the superior or circuit court and that

the proceedings before the board will be reviewed by the court. In the present case this was done. Personal service was made with a copy of the petition for a writ of certiorari and rule to show cause to the Secretary of the Board and the Secretary of the Mayor of Indianapolis with a full explanation thereof. The Attorney for the Industrial Salvage, Inc., Richard M. Salb, as shown upon the records of the Board of Zoning Appeals received a copy of the aforesaid instruments by mail a few days after they were filed in Court and has on several occasions discussed the receipt thereof with the Attorney for the Petitioner herein. An affidavit has been duly filed with this Court stating the facts of personal service as set out above. Therefore, personal service has been given to those adverse parties on the records of the Board of Zoning Appeals as prescribed by the statute."

Both the Supreme and Appellate Courts of Indiana have repeatedly asserted that where the legislature by statute provides the remedy of a review, and the procedure to be followed, the procedure must be strictly complied with. *State ex rel. Mar. C. Pl. Comm.* v. *Mar. S. C. et al.* (1956), 235 Ind. 607, 135 N. E. 2d 516; *Gardner* v. *Lohmann Const. Co.* (1954), 116 Ind. App. 132, 62 N. E. 2d 867; *Indiana Service Corp.* v. *Town of Flora* (1941), 218 Ind. 208, 31 N. E. 2d 1015; *Ballman* v. *Duffecy* (1952), 230 Ind. 220, 102 N. E. 2d 646.

However, appellants base their argument on Rule 1-16 of the Supreme and Appellate Courts, on the theory that the petition for writ of certiorari was a continuing action from the Board of Zoning Appeals of Indianapolis and not an original action. The pertinent part of Rule 1-16 provides the following:

"Service of pleadings and motions.—Unless the court, on motion or of its initiative orders otherwise, a copy of every pleading and motion, other than the original complaint, shall be served per-

sonally or by mail on or before the day of the filing thereof, upon each attorney appearing of record for any party. Handing a copy to an attorney or leaving it at his office with the clerk or other person in charge thereof shall be considered as personal service."

Appellants claim that this rule supersedes the requirement of service of notice by the sheriff outlined in Burns' Ind. Stat., §53-975, *supra,* and that since this is not an original action requiring a complaint, a copy of the petition served by mail upon the attorney of record for Industrial Salvage, Inc., in the original hearing before the Board of Zoning Appeals, was sufficient notice to confer jurisdiction of the court below upon the necessary parties and subject matter.

We cannot agree with this proposition. In the case of *Warren* v. *Indiana Telephone Co.* (1940), 217 Ind. 93, 105, 26 N. E. 2d 399, 404, cited with approval in *Pub. Ser. Comm. et al.* v. *City of Indianapolis* (1956), 235 Ind. 70, 131 N. E. 2d 308, 313, Judge Shake, in a case reviewing a decision of the Industrial Board, said:

"Strictly speaking, there is no such thing as an appeal from an administrative agency. It is correct to say that the orders of an administrative ■ body are subject to judicial review; and that they must be so to meet the requirements of due process. Such review is necessary to the end that there may be an adjudication by a court of competent jurisdiction that the agency has acted within the scope of its powers; that substantial evidence supports the factual conclusions; and that its determination comports with the law applicable to the facts found."

It therefore follows that the immediate case was not the continuation of an original action before an administrative body, but an original lawsuit for ju- ■ dicial review of an administrative body's findings and actions.

This being an original lawsuit, Industrial Salvage, Inc., being a necessary party to this action, cannot be brought into court by service of notice upon its attorney, unless it voluntarily elects to be bound.

"An attorney cannot, without authority to do so, accept service of process which commences an action against his client. Moreover, as a general rule, an attorney at law has no authority, merely by virtue of his general employment as such, to waive or admit service for his client of original process by which the court for the first time acquires jurisdiction of the client." 5 Am. Jur. §87, p. 313.

The record in the immediate case discloses, not only a total absence of evidence of waiver by Industrial Salvage, Inc., of substituted process, but in fact shows a protest as to service by special appearance as the first matter of pleading.

The appellants failed utterly to comply with the requirement for the issuance of a notice to adverse parties. Under the pertinent statutes, Burns' Ind. Stat., 1959 Ann. Pocket Supp., §§53-975, 976, the petitioner in filing his suit in Superior Court must have a notice issued and served by the sheriff of the county upon the adverse party. This notice must state that a petition for writ of certiorari has been filed with the clerk of the circuit or superior court of the county asking for a review of the decision of the Board of Zoning Appeals, designating the premises affected and the date of the decision by the Board of Zoning Appeals. In said §53-976, it is provided that upon the presentation of this petition for writ of certiorari the Court shall direct the Board of Zoning Appeals within twenty (20) days from the date of the citation to show cause why a writ of certiorari should not issue.

It is to be noted that thus there are two distinct and different instruments involved, namely, (1) a notice to be served on the adverse parties, and (2) a rule of the Court to show cause directed against the Zoning Board.

However, in this case it is to be noted that appellants failed to have any notice issued and served as required by said §53-975, and that the appellants only had issued the rule to show cause upon the Board of Zoning Appeals. There is no record anywhere in the transcript of any compliance with requirements of a notice. The appearance of Industrial Salvage, Inc., was by special appearance, and at no time did it waive the defect in service of a notice.

Since the appellants had thus failed to comply with this fundamental requirement of a notice, there could be no jurisdiction in the Court to proceed as to the parties as to any other matters, and the action was properly dismissed.

In the case of *Ballman* v. *Duffecy, supra,* Judge Jasper, speaking for the court, stated the following:

"This court has held that the inherent right to a review of an order of an administrative board or commission is not statutory, but a right under the Indiana Constitution. *Warren* v. *Indiana Telephone Co.* (1940), 217 Ind. 93, 26 N. E. 2d 399; *Joseph E. Seagram and Sons* v. *Board of Com'rs., etc.* (1943), 220 Ind. 604, 45 N. E. 2d 491. However, where the statute provides the remedy of a review, and the procedure to be followed, the procedure must be complied with. In the case at bar the procedure for review does not prohibit the remedy of review by the court, and is not in violation of the Constitution.

This court has heretofore said that a court in acquiring jurisdiction must not only have jurisdiction of the parties and the general subject of the controversy respecting real property, but must have jurisdiction of the subject

matter of the particular case. *State ex rel. Ferger* v. *Circuit Ct.* (1949), 227 Ind. 212, 84 N. E. 2d 585; *Jackson* v. *Smith* (1889), 120 Ind. 520, 22 N. E. 431. A failure to comply with the statute is jurisdictional, and therefore the trial court did not have jurisdiction of the parties or the particular case. The court has inherent power to order a dismissal of an action of which it has no jurisdiction. *Miedreich* v. *Rank et al.* (1907), 40 Ind. App. 393, 82 N. E. 117. The motion to dismiss was proper."

There having been nothing in the record to show strict compliance with the pertinent statutes requiring notice to be duly served by the sheriff upon the necessary party to the action in the court below, within the thirty-day period specified, we are of the opinion that the action of the court in dismissing the action was proper.

Judgment affirmed.

Myers, P. J., and Cooper, J., concurring.

Ryan, J., not participating.

NOTE.—Reported in 162 N. E. 2d 110.