BUTLER TOYOTA, INC., and Jonathan's Keepe by Charles LAUGHNER, jointly and severally, adjacent landowners, and for all others similarly situated, Plaintiffs-Appellants,

v.

The METROPOLITAN BOARD OF ZONING APPEALS, DIVISION I, MARION COUNTY, Indiana, and Dellen Realty, Inc., Defendants-Appellees.

No. 4–385A57.

Court of Appeals of Indiana, Third District.

March 19, 1986.

Publication Ordered May 21, 1986.

Ted B. Lewis, Lewis, Kappes, Fuller & Eads, Indianapolis, Ind., for plaintiffs-appellants.

Stephen D. Mears, Mears, Crawford, Kennedy & Eichholtz, Indianapolis, for defendant-appellee Dellen Realty, Inc.

HOFFMAN, Judge.

Appellants Butler Toyota, Inc., and Jonathan's Keepe (collectively Butler) appeal the dismissal of a petition for a writ of certiorari. The petition was filed when appellee Dellen Realty Inc., (Dellen) was allowed to redocket a variance request with the Board of Zoning Appeals (Board) within one year of an adverse decision on the same variance request.

The facts relevant to this appeal disclose that Butler opposed the redocketing of a variance request submitted by Dellen, which allegedly was in violation of a Board rule. After the Board allowed the redocketing, Butler filed a petition for a writ of certiorari in the Circuit Court of Marion County on November 7, 1984. Dellen filed a motion to dismiss the petition on November 26, 1984 based on defective service of the notice of the filing of the petition. On January 24, 1985 the circuit court granted Dellen's motion to dismiss.

Essentially, Butler raises one issue for review: whether the trial court erred in dismissing Butler's petition for a writ of certiorari based on defective service, when Butler served the notice on Dellen's counsel of record in the zoning proceeding rather than upon an executive officer or a resident agent designated to receive service for the corporation.

Butler argues that Ind.Rules of Procedure, Trial Rule 5(B) allows service upon an attorney of record unless the court specifies service upon the party. Further, Butler contends that the statute which requires notice of the certiorari petition, IND. CODE § 36-7-4-1005, provides for service on "each adverse party, as shown by the record of the appeal in the office of the [Board]." Thus, according to Butler, to require service on the party rather than the party's attorney would "engraft" additional requirements on the statute.

In *Kupfer et al. v. Board of Zoning Appeals* (1959), 130 Ind.App. 55, 162 N.E.2d 110, this Court determined that a petition for a writ of certiorari to review an administrative order is an original lawsuit. *Kupfer, supra*, 130 Ind.App. at 62, 63, 162 N.E.2d at 114. Because the petition is an original suit, service could not be accomplished through an attorney unless the party agrees to be bound. *Kupfer, supra.* As in *Kupfer*, no election for service through the attorney is evident from the record in the present case and the motion specifically protests the manner of service. The failure to properly serve notice on Dellen deprived the trial court of jurisdiction; accordingly, the writ was properly dismissed. *See, Kupfer, supra.*

Trial Rule 5(B) allows and even mandates service upon a party's attorney of record for pleadings and other papers, after a suit has been commenced. However, service of process in an original proceeding is provided for in T.R. 4. In the present case, T.R. 4.6(A)(1) service upon organizations, is applicable and requires service "upon an executive officer ..., or if there is an agent appointed or deemed by law to have been appointed to receive service, then upon such agent." Dellen's attorney was neither an executive officer nor the resident agent for Dellen. Therefore, service upon the attorney was improper pursuant to the Ind.Rules of Procedure and pursuant to this Court's decision in *Kupfer, supra.*

Judgment of the circuit court is affirmed.

Affirmed.

GARRARD, J., concurs.

STATON, P.J., dissents with opinion.

STATON, Presiding Judge, dissenting.

I dissent. The Majority Opinion mirrors the archaic code pleading mode which received its last rites over sixteen years ago. To resurrect this code mode from the grave would cause procedural confusion throughout the practicing bar and generate per-

plexities that would spread over the litigation landscape like the plague. Procedural uncertainty can be avoided today by following the Indiana Supreme Court Rules of Procedure. Where a conflict exist between a statute and the Supreme Court Rules, a party entering the Indiana Court system should feel secure in following the procedural rules approved by the Indiana Supreme Court. *State v. Bridenhager* (1972), 257 Ind. 699, 279 N.E.2d 794.

*Kupfer v. Board of Zoning Appeals of Indianapolis* (1959), 130 Ind.App. 55, 162 N.E.2d 110 was handed down by this Court eleven years before the present Indiana Rules of Procedure were adopted in 1970. The decision in *Kupfer* turns on a very narrow and strict statutory procedural distinction which has little or nothing to recommend it today. *Kupfer* has many faults in its rationale which underscores why it has been impliedly overruled by the adoption of the Indiana Rules of Procedure in 1970. First, *Kupfer* held that it did not have jurisdiction. A special appearance had been entered by the Board of Zoning Appeals so that it could file its motion to dismiss. Special appearances were used prior to 1970 to contest matters such as jurisdiction and to delay any action on the merits. Under the present Indiana Rules of Procedure, special appearances have been eliminated. Trial Rule 4(A) provides:

"Jurisdiction Over Parties or Persons— In General. The court acquires jurisdiction over a party or person who under these rules commences or joins in the action, is served with summons or enters an appearance, or who is subjected to the power of the court under other law."

Because special appearances are no longer a part of Indiana procedure, the trial court had jurisdiction of the parties and as will be shown later, jurisdiction of the case as well.

Secondly, only by an over indulgence in sophistry and self-deception can a petition for certorari from a board of zoning appeals be considered a new or original action. An original action has never been adjudicated. There is nothing to review in an original action, yet *Kupfer* predicates it holding on the originality of the petition for certiorari. IC 36–7–40–1003 provides that "Each decision of the board of zoning appeals is subject to review by certiorari." A review is a continuation of a previous proceeding. The 1968 Edition of *Black's Law Dictionary* defines "review" as follows:

"To re-examine judicially. A reconsideration; second view or examination; revision; consideration for purposes of correction. Used especially of the examination of a cause by an appellate court;"

If an action is indeed original, it is difficult to comprehend how there could be anything to reconsider or consider for the purposes of correction. It is quite clear from reading the statutes that an original action is not intended when a petition for certiorari is filed in the trial court. IC 36–7–4–1009 provides that review "not be by trial de novo." which clearly negates any pretense of an original action. Too, the same Statute provides for the taking of supplemental evidence which is a further negation of the original action contention in *Kupfer*. The supplemental evidence provision of the statute reflects a clear intent by the legislature that the certiorari action be a continuation of the zoning hearing. IC 36–7–4–1009 provides:

"Determination by court—Supplemental evidence.—The court may determine the sufficiency of the statements of the illegality contained in the petition, without further pleadings, and may make its determination and render its judgment with reference to the legality of the decision of the board of zoning appeals, on the facts set out in the return to the writ of certiorari. If the court determines that testimony is necessary for the proper disposition of the matter, it may take evidence to supplement the evidence and facts disclosed by the return to the writ of certiorari, but the review may not be by trial de novo. In passing on the legality of the decision of the board, the court may reverse, affirm, or modify the decision of the board brought up for review."

In an action which is being continued from a board of zoning appeals to a trial court for the purpose of review as set forth in the statutes cited above, notice to adverse parties of record must be given in accordance with the Indiana Rules of Trial Procedure, TR 5(B) which states:

"(B) Service: How Made. Whenever a party is represented by an attorney of record, service shall be made upon such attorney unless service upon the party himself is ordered by the court. Service upon the attorney or party shall be made by delivering or mailing a copy of the papers to him at his last known address."

Stephen D. Mears was the attorney of record for Dellen Realty, Inc. at The Metropolitan Board of Zoning Appeals hearing. Service on Mears as provided by TR 5(B) was service on Dellen Realty, Inc. Under the Supreme Court Rules of Trial Procedure, the trial court had jurisdiction of the parties and under IC 36–7–4–1003, the trial court clearly had jurisdiction of the case.

I would overrule *Kupfer v. Board of Zoning Appeals of Indianapolis* and reverse the judgment of the trial court.