**BUTLER TOYOTA, INC., and Jonathan's Keepe by Charles Laughner, jointly and severally, adjacent land owners, and for all others similarly situated, Appellants,**

v.

**The METROPOLITAN BOARD OF ZONING APPEALS, DIVISION I, Consisting of: Thomas Hunter, Chairman, Michael Fox, Member, Rev. Charles Montgomery, Member, Randall Jehs, Member, Joanna Walter, Member, Dellen Realty, Inc., Appellees.**

No. 49S04–8702–CV–230.

Supreme Court of Indiana.

Feb. 23, 1987.

Ted B. Lewis, Jennifer L. Graham, Lewis Kappes Fuller & Eads, Indianapolis, for appellants.

Stephen D. Mears, Mears Crawford Kennedy & Eichholtz, Indianapolis, for appellees.

ON PETITION TO TRANSFER

PIVARNIK, Justice.

This cause comes to us on a petition to transfer from the Third District Court of Appeals. Petition is brought by Plaintiffs-Appellants Butler Toyota, Inc., and Jonathan's Keepe, by Charles Laughner, jointly and severally, adjacent land owners, and for all others similarly situated. The fact situation from which this cause arose is brief and not in dispute. Dellen Realty, Inc., applied to the Board of Zoning Appeals for a variance and this request was denied by the Board. Dellen was then allowed by the Board to re-docket the same variance request within one year of the adverse decision by the Board. Appellants Butler, et al., then petitioned for a Writ of Certiorari to the Circuit Court based on the alleged improper re-docketing of the variance by the Board of Zoning Appeals. Butler alleged this re-docketing was done in violation of a Board rule. Dellen filed a motion to dismiss the petition for certiorari, based on defective service of the notice of the filing of the petition. On January 24, 1985, the Circuit Court granted Dellen's Motion to Dismiss. Butler's Petition for Writ of Certiorari was dismissed because the Circuit Court found there was defective service when Butler served the notice on Dellen's counsel of record in the zoning proceeding rather than upon an executive officer or a resident agent designated to receive service for the corporation. The resolution of the propriety of the service on Dellen's counsel here turns on whether the Petition for Writ of Certiorari to the Circuit Court was a new or an original action as opposed to being a continuing step involving the same parties before the Board. The Court of Appeals agreed with the Circuit Court that the Writ of Certiorari was an original action that required service on the parties individually rather than on their counsel. Based on this reasoning the Court of Appeals found that the failure to

personally serve notice on Dellen deprived the Circuit Court of jurisdiction and the writ was properly dismissed. We disagree with this reasoning and accordingly grant Appellant's petition to transfer, vacate the opinion of the Court of Appeals, and reverse the Circuit Court.

The Court of Appeals relied on *Kupfer, et al. v. Board of Zoning Appeals* (1959), 130 Ind.App. 55, 162 N.E.2d 110 to determine that a petition for writ of certiorari to review an administrative order is an original lawsuit. In his dissent, Judge Staton pointed out that *Kupfer, supra,* was handed down by the appellate court prior to the adoption of this Court's rules of procedure and should not be recognized as authority in situations such as this case presents. Judge Staton states:

> "*Kupfer v. Board of Zoning Appeals of Indianapolis* (1959), 130 Ind.App. 55, 162 N.E.2d 110 was handed down by this Court eleven years before the present Indiana Rules of Procedure were adopted in 1970. The decision in *Kupfer* turns on a very narrow and strict statutory procedural distinction which has little or nothing to recommend it today. *Kupfer* has many faults in its rationale which underscores why it has been impliedly overruled by the adoption of the Indiana Rules of Procedure in 1970. First, *Kupfer* held that it did not have jurisdiction. A special appearance had been entered by the Board of Zoning Appeals so that it could file its motion to dismiss. Special appearances were used prior to 1970 to contest matters such as jurisdiction and to delay any action on the merits. Under the present Indiana Rules of Procedure, special appearances have been eliminated. Trial Rule 4 (A) provides:
>
> > 'Jurisdiction Over Parties or Persons—In General. The Court acquires jurisdiction over a party or person who under these rules commences or joins in the action, is served with summons or enters an appearance, or who is subjected to the power of the court under other law.' "

*Butler Toyota, Inc. et al. v. Metropolitan Board of Zoning Appeals et al.* (1986), Ind.App. 493 N.E.2d 169, 171. The statutory procedures followed by Butler here, provide in Ind.Code § 36–7–4–1003 that "Each decision of the Board of Zoning Appeals is subject to review by certiorari." Ind.Code § 36–7–4–1003(a) (Burns 1981). Further, Ind.Code § 36–7–4–1009 (Burns 1981) provides:

> "Determination by court-Supplemental evidence.—The court may determine the sufficiency of the statements of the illegality contained in the petition, without further pleadings, and may makes its determination and render its judgment with reference to the legality of the decision of the board of zoning appeals, on the facts set out in the return to the writ of certiorari. If the court determines that testimony is necessary for the proper disposition of the matter, it may take evidence to supplement the evidence and facts disclosed by the return to the writ of certiorari, but the review may not be by trial de novo. In passing on the legality of the decision of the board, the court may reverse, affirm, or modify the decision of the board brought up for review."

This language clearly contemplates judicial review of a previous or continuing proceeding and not an original action. Further, our Ind.R.Tr.P., Trial Rule 5(B) states:

> "B. Service—How Made. Whenever a party is represented by an attorney of record, service *shall* be made upon such attorney unless service upon the party himself is ordered by the court. Service upon the attorney or party shall be made by delivering or mailing a copy of the papers to him at his last known address." (emphasis added)

As the majority opinion of the Court of Appeals states, Trial Rule 5(B) allows, and even mandates, service upon a party's attorney of record for pleadings and other papers after a suit has been commenced. *Butler* at 170. Since suit had commenced here and the application for Writ of Certiorari was but a continuance of those proceedings, we find that under Trial Rule 5(B), Butler properly served notice of the petition on Dellen. We further note that the statutory provision for notice of the certiorari petition, Ind.Code § 36–7–4–1005

(Burns 1981), is not in conflict with our holding because it provides for service on "each adverse party, as shown by the record of the appeal in the office of the Board." *Id.* The record of the Metropolitan Board of Zoning Appeals showed that Dellen Realty Inc., appeared by Attorney Stephen D. Mears. The service on Mears as Dellen's counsel of record was in accord with our Trial Rules, and thus proper.

This cause is remanded to the trial court with directions to vacate and set aside its order of dismissal of the petition for certiorari and to proceed consistent with this opinion.

GIVAN, C.J., and SHEPARD and DICKSON, JJ., concur.

DeBRULER, J., dissents with separate opinion.

DeBRULER, Justice, dissenting.

The initiation of a review proceeding such as this in a trial court for the first time is an event with highly significant implications for the nearest and dearest interest of the individual parties involved. The birth of the review case like the birth of an ordinary lawsuit, brings with it the blessings of additional court related charges, attorney fees, witness and investigation costs, and requirements for the expenditure of additional personal time and effort. It calls for new and different decisions to be made. Therefore, basic notions of fairness and justice require that notice of this further evolution of the basic dispute and change of forum from administrative tribunal to the court system be the same as that required when filing a new legal claim. The individual party, therefore, ought to receive the notice of initiation, and not the person's spouse, child, parent, neighbor, lawyer, doctor or priest; because it is the individual person's interest which is anew at stake, and that of no other. I agree with the majority opinion of the Third District that Judge Ryan's order, dismissing the review proceeding because service upon the lawyer who had been representing the party in the administrative tribunal was insufficient to vest jurisdiction in the court, was correct.