**ELLENSTEIN ENTERPRISES, INC.,**
Appellant (Defendant and
Cross-Plaintiff),

v.

**CONTINENTAL BASKETBALL ASSO-
CIATION, Appellee (Defendant and
Cross-Defendant),**

and

**Clyde Bradshaw, Carlos, Clark, Greg
Jones, Kevin Loder, Kenny Perry,
Dewayne Scales, Appellees (Plaintiffs).**

No. 82A01–8612–CV–00329.

Court of Appeals of Indiana,
First District.

Aug. 31, 1987.

Rehearing Denied Oct. 5, 1987.

Marilyn Ratliff, James E. Fifer, Kahn, Dees, Donovan & Kahn, Evansville, for appellant.

Leslie C. Shively, Johnson, Carroll and Griffith, Evansville, for appellees.

ROBERTSON, Judge.

The plaintiff-appellees Bradshaw et al., collectively referred to as the "players" hereafter, filed their complaint for an injunction against the defendant-appellee Continental basketball Association (CBA) and the defendant-appellant Ellenstein Enterprises, Inc. (Ellenstein). Ellenstein was the owner of the Evansville Thunder franchise granted by the CBA. The players sought an injunction to allow them and the team to play in the CBA league playoffs. The CBA had attempted to terminate the franchise several days before the playoffs were scheduled to begin.

An attorney entered his appearance for the CBA and filed a motion to dismiss the complaint for an injunction. Among other things, CBA alleged lack of personal jurisdiction and subject matter jurisdiction. The motion was denied.

Ellenstein then filed an answer to the players' complaint and a cross-claim against the CBA. The answer and cross-claim were hand-delivered to CBA's attorney. The cross-claim stated statutory and common law claims against the CBA based upon the attempted termination of the franchise by the CBA and statutory and common law claims stemming from the original sale of the franchise by CBA to Ellenstein.

The issues raised by the players' complaint for an injunction were eventually resolved with the agreement of the parties and was subsequently dismissed. The cross-claim of Ellenstein was not a part of this dismissal and remained pending.

The CBA then filed a motion to dismiss Ellenstein's cross-claim. The motion for dismissal was based upon T.R. 12(B)(1) through (B)(6) including insufficiency of service of process.

After a hearing on the motion to dismiss the trial court ruled that the personal service on counsel of record of the cross-claim

was not sufficient pursuant to T.R. 12(B)(4) and (5) and ordered the cross-claim dismissed.

Ellenstein states the sole issue as being: Did the trial court err in granting [CBA's] motion to dismiss [Ellenstein's] cross-claim on the ground that personal service of the cross-claim upon counsel of record for [CBA] was insufficient and thus defective.

We reverse for the reasons stated below.

It is Ellenstein's argument, and we agree, that the service, made pursuant to T.R. 5(B), is sufficient. That rule provides in pertinent part:

Service: How Made. Whenever a party is represented by an attorney of record, service shall be made upon such attorney. . . .

Service upon the attorney or party shall be made by delivering or mailing a copy of the papers to him at his last known address.

(1) Delivery. Delivery of a copy within this rule means

(a) handing it to the attorney or party;

(b) leaving it at his office with a clerk or other person in charge thereof, or if there is no one in charge, leaving it in a conspicuous place therein; . . .

It is CBA's contention that the matter contained in the cross-claim constituted new and additional claims and should have been served pursuant to T.R. 4, particularly in light of the fact that the CBA attorney was in court only to contest jurisdiction of the players' complaint for an injunction.

T.R. 5(A) provides that unless otherwise provided by the rules or order of the court, each party shall be served with every pleading subsequent to the original complaint. Under the facts of this case we are of the opinion that the players' complaint for an injunction served as the original complaint. To a large extent, the nexus between the cross-claim and the players' complaint for injunction stems from the CBA attempting to terminate the franchise. This, in turn, makes delivery of the answer and cross-claim to opposing counsel adequate under T.R. 5(B).

Further, we are of the opinion that the case of *Butler Toyota v. Metro Bd. of Zoning App.* (1986), Ind.App., 493 N.E.2d 169 (Staton, J., dissenting) is distinguishable on the facts. In *Butler* the papers served on the opposing counsel were clearly an original proceeding within the context of T.R. 4 which requires service of process. That distinction is not as sharp in this case.

We conclude that Ellenstein's cross-claim against CBA is a pleading contemplated by T.R. 5(B) and that the delivery of that pleading to the attorney of record for the opposing party is adequate.

The trial court is reversed and the cause remanded with instructions to set aside the granting of CBA's motion to dismiss.

Reversed and remanded.

NEAL and SULLIVAN, JJ., concur.